### E. HIESTAND *v.* CITY OF NEW ORLEANS.

14   137
124   1089

An assignment of errors in the Supreme Court, under Art. 897 of the Code of Practice, is not necessary when the case was decided in the court below on an exception to the sufficiency of the plaintiff's petition.

The plaintiff is not bound to administer proof of the allegations of his petition which are not denied by the answer.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

Plaintiff in *pro. per.* *J. J. Michel,* for defendant and appellant.

SPOFFORD, J.   The defendant has appealed from the judgment of the District Court in favor of the plaintiff.

There is neither evidence, statement of facts, nor bill of exceptions in the record, and the case was not tried by a jury.

In such cases the rule of practice is imperative. " The appellant who does not rely, wholly or in part, on a statement of facts, an exception to the Judge's opinion or special verdict, to sustain his appeal, but on an error of law appearing on the face of the record, shall be allowed to allege such error, if within ten days after the record is brought up he files in the Supreme Court a written paper stating specially such errors as he alleges ; otherwise, his appeal shall be rejected." C. P. 897.

It being too late to file an assignment of errors now, and none having been filed, the motion to dismiss must prevail.

Appeal dismissed.

---

### SAME CASE—ON A RE-HEARING.

SPOFFORD, J.   Considering that the case went off in the court below ¦upon an exception to the sufficiency of the plaintiff's petition, which admitted all the allegations of fact therein contained to be true, and that in *Wood* v. *Henderson,* 2 An. 220, no assignment of errors was held necessary in this class of cases.

It is ordered, that the judgment dismissing this appeal be set aside, and the cause set down for trial upon its merits.

---

### SAME CASE—ON THE MERITS.

MERRICK, C. J.   The plaintiff alleges that he was elected Assistant City Attorney in the month of April, 1855, for the city of New Orleans ; that he entered upon the duties of his office and continued to discharge the same until the 19th day of July, 1856 ; that, while in office, he instituted suits and obtained judgments in favor of said city, in the various courts and before the several justices of the peace, on tax bills, licences, &c., due the city, amounting in the aggregate to upwards of $400,000 ; that he is entitled by law to five per cent. upon the amount of the judgments so obtained ; that when he went out of office there remained, and still remain, uncollected judgments to the amount of $167,793 36, as set forth

18

HIESTAND
v.
NEW ORLEANS.

in the account annexed to the petition, on which his commissions amount to the sum of eight thousand six hundred and two 22-100 dollars; that since he went out of office petitioner has offered to the city authorities, if they would authorize him so to do, to collect and pay said judgments into the city treasury without any charge whatever to the city, except the commissions to which he is by law entitled for obtaining said judgments, which liberal offer was rejected by the city; that judgment was rendered against the defendant in said suits, for the amounts claimed and the interest allowed by law, and five per cent. on the amount of the judgment for Assistant City Attorney's fees, costs, &c., and that the city having so refused to permit him to collect said judgments, in order to get his commissions, he is wholly without remedy for the collection thereof, and that said city is in law and equity bound to pay him for his said commissions.' He prays for judgment for $8602 22.

To this petition the defendant first filed an exception, averring " that plaintiff by his own showing, sets forth no ground of action against the exception," and prayed for a dismissal of the suit.

Afterwards, on motion of defendant's counsel, it was ordered that the exception should be " transferred, to be tried with the merits, and that said exception be taken as answer to plaintiff's petition herein."

The plaintiff having filed a supplemental petition, praying for a trial by jury, it was agreed by counsel that the jury should be waived and the cause submitted to the court on the pleadings, either party having the right to file a brief.

There was judgment in favor of the plaintiff for the amount sued for, and the city appeals.

The first point made by the counsel for the appellant is disposed of by the single.remark, that after the parties had consented that the exception should be taken for an answer, it could no longer be treated as an exception. It was what defendant's counsel intended, viz : an answer, and his defence must stand or fall with it.

The second ground is, that the District Judge erred in considering the plea as an answer admitting all the facts when in truth the answer admits nothing. When we come to examine the answer we do not find any denial of the allegations contained in the petition. The only issue raised is one of law.

The plaintiff is not bound to administer proof of the allegations of his petition which are not denied by the answer. *Akin* v. *Bedford*, 4 N. S. 616 ; 19 L. R. 90.

The allegations contained in the petition must, therefore, be taken as true or proven.

But it is contended, that the judgment when rendered against a party on a tax bill embraces two objects, one the tax and interest belonging to to the city, the other the five per cent. allowed the City Attorney by the Act of 1853, p. 86. The answer to this is, that the judgment with its incidents is renderd in favor of the city, and after the. city has refused to allow the City Attorney to collect these judgments, it cannot be heard to say that the City Attorney has an interest in them still to the amount of his fees, and that he can claim them when collected of his successor.

Our attention is called to the case of *Hiestand* v. *Labat*, 11 An. 30, and the correctness of that decision is questioned. It was there admitted, that the question decided in that case was not free from difficulty. But after due reflection we are not satisfied that any principle more satisfactory can be adopted than the one upon which the decision is based.

It is urged against that decision, that it declares that the fee of the City Attorney is earned by the rendition of the judgment, and that his successor will not receive anything for collecting these judgments, and, therefore, will be negligent, because without interest, in their collection. He will have the same interest in the fees in the hands of *his* successor, and it will be in the power of the city, if sued for the fees of the Assistant City Attorney, to defend the suit on the ground that he has been negligent in the discharge of his duties, if such be the fact.

Judgment affirmed.

Spofford, J., took no part in the decision of this cause.