14    825
118   958

STATE, on the relation of J. N. HANAU, JR., *v.* CRESENT MUTUAL IN-
SURANCE COMPANY.

Where an exception is filed with an answer to the merits, what is admitted by the exception for the
purpose of testing the plaintiff's petition, may be denied by the answer, and if the exception be
overruled, final judgment can only be rendered after a regular trial on the merits.

APPEAL from the Third District Court of New Orleans, *Duvigneaud,* J.
*Hyams, Labatt & Jonas,* for plaintiff. *M. M. Cohen & Randell Hunt,* for
defendant and appellant.

MERRICK, C. J.   This case has been argued before us by the appellant's coun-
sel, on a question of practice.

The relator filed a petition, wherein, after alleging his right as a scrip holder
of the company to inspect at reasonable hours, the book containing a list of the
holders of scrip, he prayed that the President and Secretary of the company
might be ordered to show cause why a *mandamus* should not issue to compel
them to allow him to inspect, at reasonable hours, the books of the corporation.

The defendants were ordered to show cause on a day fixed.

The defendants filed an exception, and in the event said exception should be
overruled, an answer to the rule.

It appears that the case was continued and argued from day to day, for four
or five days, during the hours allotted by the rules of the court for that purpose,
on the exception which was taken under advisement, and that the District Judge,
instead of overruling the exception and hearing the parties on the merits of the
rule, rendered final judgment, after having held the exception from the 25th day
of February to the 16th of March, 1859, under advisement. Appellants counsel
contend, that they were entitled to be heard on the merits ; and so it appears to
us.   The defendants were entitled to a decision upon their exception before they
could be compelled to offer evidence under their answer to the merits.   The answer
contained a general denial, admitted that the plaintiff was a scripholder, and
pleaded some matters in avoidance of the plaintiff's action.   The truth of the al-
legations in the answer, have not been admitted, and however wide the range of
argument may have been upon the exception, it does not appear that the District
Court has passed judgment upon the whole case, as presented by the defendants
in their answer.   Final judgment ought not to be rendered against them until they
have been heard upon the same.

After overruling the exception, that, or another day, should have been fixed
for the hearing of the rule on the merits.

The answer, as soon as the exception was overruled, was ready to perform its
office, and, as it denied the truth of plaintiff's petition, except as to his ownership
of the scrip, the plaintiff could not invoke the aid of the court, without first
showing that he had been aggrieved by the action of the company.   What was
admitted by the exception for the purpose of testing plaintiff's petition, was
denied by the answer.   See 2 An. 221, *Wood* v. *Henderson,* and *Syndics, &c.* v·
*Mayhew,* 4 M. 177.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment
of the lower court be avoided and reversed ; and that this case be remanded to
the lower court for further proceedings according to law ; the relator paying the
costs of the appeal.