### CATHERINE N. LEA, Executrix, v. JOHN ORIN TERRY.

It is not necessary that the description of property demanded in a petitory or rescissory action, should be described with such certainty, that the Sheriff, or any other person, could find the same without aid.

Judgments of courts, as well as deeds and acts of parties, may be carried into effect by inquiries, outside the decree, deed or act, when there is a mere latent ambiguity.

A final judgment cannot be rendered on an appeal taken from a judgment rendered on a peremptory exception filed after issue has been joined by default, where the plaintiff did not treat such exception as an answer in the lower court. Such a case will be remanded, to be proceeded with according to law, and the exception permitted to stand as an answer.

APPEAL from the District Court of the Parish of Livingston, *Wilson*, J. *W. C. Walker* and *D. N. Hennen*, for plaintiff and appellant. *Whittaker & Fellows*, for defendant.

MERRICK, C. J. This case comes up on a judgment rendered upon a peremptory exception filed by defendant.

" Petitioner states, that on or about the 26th of May, 1837, *Franklin W. Lea* executed, by act before *Lyman Briggs*, Notary Public at Covington, in the parish of St. Tammany, a deed of sale to *John Orin Terry*, now of the parish of Livingston, of the following described property, to-wit : " (Here follows the description of the land conveyed.)

" Your petitioner shows that the consideration expressed in said act was the sum of ($900) nine hundred dollars cash, and ($5,000) five thousand dollars in notes of various persons in New Orleans; but your petitioner shows that *the true consideration and real character of said act was in this wise:* that said *F. W. Lea* and *J. Orin Terry* having purchased, in 1836, a certain tract of land from one *Richard Hagan*, situate in the parish of St. Helena, and adjoining the town of Uncle Sam, caused the same to be laid out in town lots, sold the same; *that part of the notes arising from the sale of said lots being in the hands of F. W. Lea aforesaid, at the time of the execution of said sale*, and the said *Lea* being then in

embarrassed circumstances and insolvent, said *Terry*, with a view of obtaining a preference and advantage over the creditors of said *Lea*, induced said *Lea* to execute a PLEDGE of said above described property, to secure the payment of the portion of said notes remaining due to said *Terry*, and arising from the sale aforesaid ; *that in effect the said* PRETENDED *act of sale is no more than an act of* PLEDE *to secure the sum of five thousand nine hundred dollars, then owing by said Lea to said Terry*, as will more fully appear *by a counter-letter* signed by said *Terry*, of which the following is a copy :

'I hereby acknowledge that the sale which *Mr. F. W. Lea* has this day made to me is for notes owned by me jointly with said *Lea*, and that *when my half of said notes are returned, or the money paid for the same, I will make a re-transfer of all the said property to said Lea.* The notes above mentioned are given for the property bought of *Richard Hagan*, and in which we have a joint interest, only one-half of said notes being my property ; and the balance being paid or delivered to me, the sale made of this date will be void.

April 22, 1837.                         JOHN O. TERRY.'

" Your petitioner is informed, and *so alleges the fact to be*, that said *John Orin Terry* has long since received the notes aforesaid, or the money, coming to him from said sale, and nevertheless refuses to re-convey the aforesaid lands to your petitioner, though thereunto amicably requested, &c., &c."

" Judgment by default was taken, and before the same became final, the defendant by his counsel, *G. W. Watterston*, obtained an order setting the same aside, and that he have leave to file peremptory exceptions."

" The peremptory exception is as follows : *John Orin Terry*, the defendant in this case, now appears and excepts to the action of said plaintiff upon the following grounds :

"That the petition of said plaintiff, *Catherine A. Lea*, executrix of *Franklin W. Lea*, shows no cause of action, inasmuch as it makes the plaintiff's demand *rest upon a pledge of lands and immovable property*."

" And upon a counter-letter alleged, dated *anterior to the time of* the transfer of land sold to the defendant by *Franklin W. Lea* on the 26th of May, 1837, as stated by the said plaintiff."

This exception having been sustained, plaintiff appeals.

The appellee urges in this court, that the property sought to be recovered is not sufficiently described in the petition, to warrant a judgment decreeing a re-transfer, no copy of the act of sale being annexed to the petition.

It is a mistake to suppose, that the description of property demanded in a petitory or rescissory action must be described with that certainty that the Sheriff or any other person can, without aid, find the same. It is a maxim of the law, that that is certain, which can be rendered certain ; and it is often the case that inquiries have to be made outside of a judgment, to ascertain its application. For example, service of citation is made upon a party by a wrong name, and he suffers judgment under that name :—the Sheriff, when he comes to execute the writ of execution, can find no person bearing the name of the debtor in execution. He may make inquiries, and ascertain the person who was cited, and against whom judgment was rendered. A plaintiff may recover, in a petitory action, a slave of a certain name ; the Sheriff, in executing the writ of possession, may inquire what slave, among a number of the same name or description, was intended. So a man may sell a plantation in his possession in a certain parish, at a certain date, without further designation ; and, if a decree be rendered for the same property in

the same manner, the Sheriff may inquire, in the execution of the writ of possession, what plantation the party had in his possession at a certain date. Judgments of courts, as well as the deeds and acts of parties, may be carried into effect by inquiries outside the decree, where there is a mere latent ambiguity ; otherwise, great numbers of judgments could not be executed.

In this case, the description of the lands demanded is as follows : " 1st. A tract of land containing 640 acres, lying in the parish of St. Tammany, on the East side of the river Tangipaho, near the mouth of the creek called Washley, acquired by said *Lea* through *Wm. Bowman*, of *Joseph* and *John W. Slater*, being the same granted by the United States to said *Joseph Slater* as section 40 of township 6 south, range 8 east, and section 37 of township 6 south, range 9 east ; 2d. A tract of land, 640 acres, situated in the parish of Livingston, on the Tangipaho river, adjoining the town of Uncle Sam, and known as the Derbin Place, under the certificate granted to the said *Jeremiah Derbin*, of date July 27, 1824, and numbered 175."

The foregoing description is sufficient. If the boundaries of the tracts, or the courses and distances are not given, still the tracts of land can be found by proper inquiries (if not at once known), and when found, their boundaries may be ascertained by reference to the government surveys. *Id certum est quod certum reddi potest.*

It is further urged, that there is no description in the counter-letter of the lands, and that it bears date prior to the sale from *Lea* to *Terry*.

The counter-letter is referred to in the petition only as proof. It was not exclusive of all other modes of proof. The plaintiff might have interrogated the defendant on facts and articles, or shown an error in the date of the counter-letter, or perhaps shown its application by other testimony. The defendant, by admitting the truth of the allegations in the plaintiff's petition, has, as the case now stands, relieved her of the necessity of offering the counter-letter, or making any other proof.

The prayer of the petition must be understood with reference to the allegations, and so construed, the terms " the lands referred to in the counter-letter, " and " the lands described in the petition," may be understood as the same, and the disjunctive conjunction " or " read as meaning " or in other words."

The plaintiff's counsel contends, that the peremptory exceptions having been filed after a judgment by default, must be taken as an answer, and that we ought to render a final judgment against the defendant on the same, and they cite the case of the *Citizens' Bank* v. *Beard*, 5 An. 41, in support of this position.

The reply to this is, that the plaintiff did not so treat the case in the lower court. If the exceptions were an answer, the case should have been fixed for trial under Article 463 of the Code of Practice, which was not done.

The record does not even inform us whether the exceptions were argued in the presence of both parties.

As there is no other defence filed to the action, except the exceptions, we will permit them to stand as an answer, and remand the case to the lower court, to be proceeded in according to law.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded to the lower court, there to be proceeded in according to law, the defendant paying the costs of the appeal.