State ex rel. Borland vs. Judge of Second Judicial District.

No. 6818.

30   155
118   958
118   961

STATE EX REL. E. BORLAND, JR., VS. THE JUDGE OF THE SECOND JUDICIAL
DISTRICT.

When the plea of prescription is filed in a suit, not as an answer, but as a peremp-
tory exception, it will not have the effect of setting aside a judgment of default
previously rendered in the suit; and on the overruling of the exception, thus
filed, the plaintiff is entitled to introduce his proof to confirm his default, and
to compel the judge *a quo* to hear his proof and pass on his application to con-
firm.

APPLICATION for a mandamus.

*E. Howard McCaleb* for relator.

*Sambola & Ducros* for defendant.

The judgment of the court was delivered by

SPENCER, J.   The facts upon which relator bases this application for
mandamus are as follows :

In the suit of E. Borland, Jr., vs. Effingham Lawrence, plaintiff had
judgment by default entered on tenth May, 1876, against defendant on
his failure to answer.   On twenty-fourth day of October, 1876, defend-
ant filed, as a peremptory exception founded on law, the plea of three
and five years prescription, and prayed " that the judgment by default
be set aside and plaintiff's petition dismissed without the necessity of a
trial on the merits, and for general relief, etc."

" November 5, 1877.—On calling the docket of civil cases at issue the
same were fixed as follows, to wit:   2284—E. Borland, Jr., vs. E. Law-
rence, for Thursday, November 8, 1877."

"November 8, 1877.—Borland vs. Lawrence, 2284.   This case was
this day regularly taken up for trial on defendant's exception, etc."

"When after hearing the evidence and argument, the exception being
submitted, the court took the same under advisement."

On the trial of this exception plaintiff offered the notes sued on and
other documentary evidence, but on objection of defendant that the evi-
dence could only be received to show interruption of prescription, " the
court sustained the objection on the ground that the allegations of the
petition are taken for true."

On the next day, ninth November, the court ordered defendant's
peremptory exception to be overruled.   Thereupon, we are informed by
a bill of exceptions, the counsel for plaintiff "moved the court to confirm
and make final the judgment by default herein entered," tendering in
support and proof of his demand the notes, mortgage, and other docu-
ments in the record.   The judge refused to permit the evidence to be
filed or to entertain or hear the motion and evidence tendered, and

refused to hear and determine the case on its merits, for the reason that the case is not at issue, the judgment by default having been set aside on defendant filing his exception of prescription, and said exception having been overruled, there was no default to confirm, and that plaintiff must put the case at issue by again taking another default or waiting for defendant to file his answer.

We may here remark that we have a certified transcript of the case before us, and although defendant in his exception prays that the default be set aside, we find no order of court to that effect. Nor would the court, under the view the judge took, have been authorized to make an order setting aside the default. There is no law for setting aside a default by filing an exception. It is the filing of "*the answer*" which operates and authorizes setting the default aside. See C. P. 314.

If the plea of prescription was a peremptory exception founded on law, and not an answer, then the default was not, and could not be, set aside thereby. The defendant filed it as an exception and asked its consideration as such and as avoiding the necessity for trial of the case on its merits. The court considered, treated, and tried the plea as an exception, without any objection on plaintiff's part, so far as the record discloses. We incline to think that the exception of prescription may, when pleaded *before* answer, be tried as an exception, that is separately from the merits; but if pleaded *after* answer, it must be tried with the merits. C. P. 336, 345, and 346. We think, therefore, that the court properly tried the plea in this case as an exception.

But as we have seen, after that exception was tried and overruled, the case being on default, and the legal delays having expired without defendant having answered, by article 312 Code Practice plaintiff had the right to " a definitive judgment  *  *  *  provided he proved his demand." But the judge refused to hear his motion for final judgment, or to receive or consider the evidence he tendered in support thereof, and declined to hear the case on its merits. Relator thereupon makes this application for a mandamus to compel the judge to proceed to hear and determine said cause, and complains that his refusal is a denial of justice. We think relator is entitled to the relief sought, to the extent of compelling the judge *a quo* to entertain his motion, to receive and consider his evidence, and to pronounce judgment upon the case. See 13 An. 483. Relator asks that he be compelled to render judgment in the case, upon the evidence as tendered on ninth November, 1877, and as detailed in his bill of exceptions. Subsequently to relator's application for this mandamus, the record shows that defendant filed an answer. This subsequent act can not vary relator's rights. We must pass upon them as they existed at the time of his application to us. But as we can secure relator the rights claimed, to wit: a trial of his

case, without going to the extent asked, and without cutting defendant off from any legitimate defense he may have—

It is ordered, adjudged, and decreed that the mandamus herein issued be made peremptory, and that the judge of the Second Judicial District Court for the parish of Plaquemines do, on the first day of the next term of his said court, proceed to hear and determine plaintiff's motion for confirmation of default in the case of "E. Borland, Jr., vs. Effingham Lawrence," No. 2284 of the docket of said court, and to render judgment therein according to law. If, however, previous to said first day said defendant has filed an answer, then that on said first day the said judge fix said cause for trial, in accordance with the rules of his court, and that he proceed to try the same according to law and without unnecessary delay, and to render judgment therein. It is further ordered that defendant herein pay the costs of this proceeding.