LAND, J.
In February, 1905, the plaintiff sued the defendant on three notes for $2,500 *957 each, falling due in 1908. The petition alleged that the said notes were to be paid out of the rents to accrue under a certain lease executed between the parties on November 3, 1903, of the property known as “Wenger’s Theater,” but that said lease never took effect for the reason that the defendant failed to have said premises ready for occupancy on September 1, 1904, as stipulated in said lease. The petition further alleged that the defendant was formally put in default, and, recognizing his default, subsequently leased said building to other parties or utilized it himself, and that, the security for the payment of said notes having thus failed, the petitioner, who loaned the money represented by said notes on the faith of the covenants contained in said lease, elected to declare said notes matured.
After judgment by default, the defendant, for exception, pleaded that the petition did not disclose a good, legal, and valid cause of action. Plaintiff ruled the defendant to show cause why the exception should not stand as an answer, and the case placed on the call docket, or, if the court should find that the document was properly filed as an exception, that then it be fixed for trial. Before any action on this rule, the defendant filed an answer and reconventional demand and a motion to withdraw his exception. The court denied this motion, and subsequently made the rule absolute, but permitted the answer to be filed as a “supplemental and amended answer.”
Plaintiff on the trial offered in evidence the
tes sued on and rested. Defendant then offered evidence, which was objected to by the plaintiff on the ground that, under the ruling of the court, the exception of no cause of action was an answer, and the supplemental answer changed the issue, and therefore no proof could be produced in support of it. The objection was overruled, and the plaintiff excepted. It may be here noted that no bills of exception were reserved to the action of the court on the rule or in allowing the supplemental answer. After a regular trial on the merits there was judgment in. favor of the plaintiff, and defendant has appealed. For answer plaintiff has prayed for damages as in case of a frivolous appeal.
Although the cause was tried on the merits in the court below, plaintiff contends in this court that it should be decided on the exception as an answer, admitting the truth of all the allegations contained in the petition, for the reason that a peremptory exception filed after a judgment by default is necessarily an answer.
The question is of such great practical importance that we deem it necessary to review our jurisprudence on the subject. The codal provisions seem plain enough that peremptory exceptions founded on law do not go into “the merits of the cause,” and may be pleaded in every stage of the action previous to the definitive judgment. In an early case, the court, through Martin, C. J., held that a plea of prescription ordered to stand as “an answer to the merits” did not preclude the defendant from filing an answer after the exception was overruled. Lang v. Kimball, 15 La. 220. This decision was reaffirmed in Lejeune v. Hebert, 6 Rob. 421, where a similar exception was filed after judgment by default. In the case of State ex rel. Negrotto v. Judges, 45 La. Ann. 1444, 14 South. 419, this court held that, when an exception of no cause of action was overruled, the defendant could not be deprived of his right to answer and introduce evidence, and that the admissions in such an exception were solely for the purposes of the trial of the exception. In Hannau v. Insurance Co., 14 La. Ann. 825, it was held that, where an exception of no cause of action and an answer were filed at the same time, if the exception be overruled, the case must be tried on its merits. In Borland v. Judge, 30 La. Ann. 155, it was held that a *959 plea of prescription filed as an exception after judgment by default does not set aside the default, which can be done only by filing “the answer,” citing Code of Practice, art. 314. The court held that in such a case, after the overruling of the exception, the plaintiff should be permitted to confirm the default, if no answer should be seasonably filed.
The general rule being that a peremptory exception does not touch on the merits and therefore is not an answer, we shall next proceed to review the very few cases where exceptions have been considered and treated as answers.
In Citizens’ Bank v. Beard, 5 La. Ann. 41, after judgment by default, the defendant filed an exception, the nature of which is not stated, and moved the court to set aside the default. It does not appear that the defendant filed or offered to file an answer. The court said that:
“There was no irregularity on plaintiff’s part as treating the plea as standing as a defense and bringing the case to trial in the ordinary manner as in case of an answer.”
Eustis, C. J., dissented.
In Lea v. Terry, 15 La. Ann. 161, an exception of no cause of action was filed after judgment by default, which was set aside on motion of the defendant. The exception was sustained, and plaintiff appealed. This judgment was reversed on appeal, and the court was urged to render a final judgment-in the cause, but declined to do so, because the plaintiff had not treated the exception as an answer by fixing the cause for trial on the merits as was done in Bank v. Beard, 5 La. Ann. 41. The court concluded as follows:'
“As there is no other defense filed to the action except the exceptions, we will permit them to stand as an answer, and remand the case to the lower court, to be proceeded in according to law.”
The same case was again appealed to the Supreme Court, and is reported in 20 La. Ann. 428. It appears that, after the cause I was remanded, the defendant was allowed to file an amended answer, containing a general denial and a reeonventional demand, and also a peremptory excéption. Plaintiff’s objections on the ground that the amended answer and exception changed the issues by withdrawing the admissions made in the exception were overruled, and he excepted. There was judgment in favor of the defendant, and the plaintiff appealed. On the first hearing of the case on appeal the court held that the exception was an answer which admitted all •the allegations of the petition, and therefore the amended answer was inadmissible, and no proof was required to sustain the allegations of the petition. The judgment of the district court was reversed, and a decree rendered in favor of the plaintiff. A rehearing was granted, and the former decree was set aside and the judgment of the district court was affirmed. This final decree of the Supreme Court was predicated on the right of the defendant to supplement his pleadings, and could not have been rendered on any other hypothesis.
The opinion on rehearing is brief, and states that the court concluded to render a judgment “conforming to that in the case of Stilley v. Stilley,” evidently referring to the judgment on rehearing. 20 La. Ann. 64. In Lea v. Terry the organ of the court repeated the same propositions which he had advanced in Stilley v. Stilley, and made them the basis of the decree. In both cases the original decrees were set aside and judgment rendered in favor of the defendant, on the theory that his exception in one case and his supplemental pleadings in the other denied some or all of the allegations of the petition. In Lea v. Terry the court, in reversing its first decree, .necessarily dissented from the propositions' on which it was founded.
That peremptory exceptions founded on law do not go to the merits of the ca.se, and may be pleaded at every stage of the action, is *961 codal law. Code Prac. arts. 345, 346. Tliete is no inconsistency between an exception of no cause of action and the general issue. Both may be pleaded at the same time, which could not be done if they were repugnant. A peremptory exception is not an answer, though filed after default. Borland v. Judge, 30 La. Ann. 155. The most that can be said is that in a few cases it has been held that such an exception filed after judgment by default may be treated as an answer, where the default is set aside, and no other defense is made. Bank v. Beard, 5 La. Ann. 41. and Lea v. Terry, 15 La. Ann. 161, go no further. The opinions of Stilley v. Stilley, 20 La. Ann. 53 and Lea v. Terry, 20 La. Ann. 428, on the first hearing, are of no authority, because the decrees were reversed on rehearing.
In the ease at bar the exception was pleaded as an exception, the default was not set aside, and an answer was filed.
The exception did not admit the facts alleged for the purposes of a trial on the merits of the case. The defendant had the right to answer, and to deny the allegations of the petition.