SOMMERVILLE, J.
A question of practice is the principal one disclosed in this record. Plaintiff sued defendant on a contract of sale. May 12, 1911, plaintiff took a default. Immediately thereafter, on the same day, defendant filed both a dilatory and peremptory exception. Both parties to the record treated the exception as an exception. May 26, 1911, the peremptory exception was regularly taken up for trial, and it was overruled. Immediately upon the ruling of the court, counsel for plaintiff moved the court to receive evidence and decide the issues in the cause in confirmation of the judgment by default entered on the 12th day of May, 1911. Counsel for defendant objected to the introduction of any evidence at that time, ‘‘because five minutes before the exception had been overruled by the court, and he had had no opportunity to file an answer. The cause is not at issue, and under the rules of the court he has until Monday morning to file an answer.” The judge ruled as follows:
“The filing of an exception after issue joined by default does not set aside that default, and therefore the objection is overruled. The court is willing to allow defendant in this cause to file any plea he desires in the way of an answer instanter.”
Defendant’s counsel thereupon requested the court to give him a reasonable time in which to prepare the answer, and the court refused to reverse its ruling. Plaintiff then proceeded to prove up his default in the presence of counsel for defendant, who cross-examined the witnesses for plaintiff. There was judgment in favor of plaintiff against defendant for a small amount. There was further judgment in favor of defendant and against plaintiff, as in case of nonsuit, for the larger portion of the claim. The defendant prosecutes this appeal. There is no contest over the small amount for which plaintiff obtained judgment against defendant. The plaintiff has answered the appeal, and asked for an amendment of the judgment in his favor for the full amount sued for.
The testimony of plaintiff was written out and filed, and judgment on the merits was rendered June 22, 1911. On June 19, 1911, defendant, without the authority of the court, filed an answer to the merits of the cause. At the same time, he filed a motion, asking the court to reconsider the ruling theretofore made permitting plaintiff to offer evidence in confirmation of the default, and declining to give defendant additional time in which to file an answer. The rule was dismissed. And the judgment in favor of plaintiff was rendered, as we have seen, on June 22, 1911.
The filing of the answer June 19th was too late to have the effect of setting aside the default. It should have been filed on or before the day when the definitive judgment by default was to have been rendered against defendant. C. P. articles 312, 314.
[1] Defendant having failed to answer Within the legal delay after default was *1029 taken, plaintiff was entitled to prove up Ms default. If defendant had appeared and filed Ms answer within the delay, the first judgment would have, on motion, been set aside. See O. P. art. 310 et seq. This he did not do; but, availing himself of the provisions of article 346, C. P., he filed a peremptory exception, founded on law. This exception was not an answer. It was argued, submitted, and regularly disposed of, as we have seen, by the'trial judge as an exception. Defendant now asks that the ruling of the trial judge be reversed.
[2] Defendant bases his argument for a reversal of the judgment appealed from upon the decision in Bijou Co. v. Lehmann, 118 La. 956, 43 South. 632. In that case, after a judgment by default had been taken, the defendant filed a peremptory exception. Thereupon plaintiff moved the court to order said peremptory exception to stand as an answer, and to place the case on the call docket for trial. The defendant then filed an answer, or a supplemental answer, in the cause. The Bijou Company in that case elected to treat the peremptory exception as an answer, and invoked a ruling of the court to that effect. All parties treated the exception as an answer. In the present case, defendant filed a peremptory exception which the plaintiff treated as an exception, and not as an answer. The ruling in the Bijou Case is therefore without application here. In that ease we reviewed the jurisprudence of the state on this particular question, and we found that it had been almost uniformly held by the court that a peremptory exception filed after default was not an answer, except in those cases where the plaintiff had elected to treat a peremptory exception as an answer, and had invoked a ruling of the trial court to that effect, as in the Bijou Case, or there had been a ruling of the trial court to that effect, to which ruling there had been no bill of exceptions taken, and was not therefore subject to review by us.
In the case of Lang v. Kimball, 15 La. 200, Martin, C. J., held that a plea of prescription which had been ordered by the court to stand “as an answer to the merits” did not preclude the defendant from filing an answer after the exception was overruled. No Mil of exceptions appears to have been taken to the ruling of the trial court. Under the Code, peremptory exceptions founded on law may be pleaded in every stage of the action previous to the definitive judgment.
But we did not there hold that peremptory exceptions had the effect of setting aside a default. We there decided that an exception of prescription was not an answer.
[3] The decision in Lejeune v. Hebert, 6 Rob. 421, appears to hold that the filing of the peremptory exception of prescription had the effect of setting aside a default previously taken; and that another default had to be taken after the peremptory exception had been disposed of, if an answer had not been filed in the meantime, before the case could be disposed of on the merits. In that case the plea of prescription was treated as an answer by the trial judge, who ordered that the default be set aside to permit the answer, as he termed the exception, to be filed, and there had been no bill of exceptions taken to that ruling.
In the case of Citizens’ Bank v. Beard, 5 La. Ann. 41, the plaintiff chose to treat the exception as an answer, and brought the case to trial in the ordinary manner as in case of an answer having been filed, and the court held that there was no irregularity in such action by the plaintiff. The defendant was not deprived of any of his rights, and he was not complaining.
In the case of Hiestand v. New Orleans, 14 La. Ann. 137, there had been no default taken. The exception of no cause of action was, *1031 on motion of the defendant itself, transferred to the merits, and the court held:
“That after the parties had consented that the exception should be taken for an answer, it could no longer be treated as an exception. It was what defendant’s counsel intended, namely, an answer, and its defense must stand or fall with it.”
In the case of State ex rel. Borland v. Judge, 30 La. Ann. 155, a default had been entered, when defendant filed a peremptory exception founded on law, the plea of three and five years prescription; and it prayed that the judgment by default be set aside, and plaintiff’s petition dismissed, etc. On the trial of the exception plaintiff offered evidence which was objected to by the defendant, and the objection was sustained by the trial judge. The exception, or plea of prescription, was overruled when counsel for plaintiff moved the court to permit him to confirm and make final the judgment by default therein entered, offering proof.
“The judge refused to permit the evidence to be filed or to entertain or hear the motion and evidence tendered, and refused to hear and determine the case on its merits, for the reason that the case is not at issue; the judgment by default having been set aside on defendant’s filing his exception of prescription; and, said exception having been overruled, there was no default to confirm, and that plaintiff must put the case again at issue by taking another default or waiting for defendant to file his answer.”
We hold, under those circumstances, there is no law for setting aside a default by the filing of an exception. It is the filing of the answer which operates and authorizes setting the default aside. C. P. 314.
“If the plea of prescription was a peremptory exception founded on law, and not an answer, then the default was not, and could not be, set aside thereby. The defendant filed it as an exception, and asked its consideration as such, and as avoiding the necessity of the trial of the case on its merits. * * * We think relator is entitled to the relief sought, to the extent of compelling the judge a quo to entertain his motion, to consider his evidence, and to pronounce judgment in thfe case.”
We have hot been referred to any authorities in opposition to the law just cited, unless it is the case of Lejeune v. Hebert, 6 Rob. 421. The case of Lea v. Terry, 15 La. Ann. 160, is not in opposition to the rule laid down in the foregoing cases. In that case a judgment by default was set aside on motion of counsel for defendant, with leave to file peremptory exceptions. There was no bill of exceptions taken by plaintiff to the ruling of the court, and we did not review that ruling. In that case plaintiff urged in this court that a peremptory exception filed after a default was taken must be treated as an answer; but we reply there that plaintiff did not so treat the case in the trial court, and we permitted the exception to stand as an answer, but remanded the case to be regularly proceeded with.
In the case of Stilley v. Stilley, 20 La. 64, after a default had been taken, a peremptory exception was filed, and the plaintiff voluntarily moved the court to treat that exception as an answer to the merits. The motion was made peremptory. The plaintiff could not and did not complain; and we therefore made no ruling on the point.
The defendant here having filed a peremptory exception after default, and all parties to the record having treated same as an exception, it cannot be decreed to be an answer, and it cannot have the effect of an answer. Plaintiff had the undoubted right to proceed and administer the proof necessary to confirm the default, after the peremptory exception had been disposed of. Defendant could then have filed an answer before the default was confirmed, and the trial judge so ruled. He was not deprived of any' right. To order a peremptory exception to stand as an answer, after default had been entered, would be to deprive plaintiff of a right given to him under the law. A defendant, under such ruling, might file a peremptory exception in every case where a default had* been taken, call it an answer, have the case regularly fixed for trial, and then file *1033 an amended answer, which would have the effect of depriving the plaintiff of the right to prove his default at the time fixed in the law. Of course, where the plaintiff comes in and asks that the peremptory exception he treated as an answer, the court might properly comply with that request. The plaintiff in such case is alone responsible for the setting aside of his default.