337 So.2d 1209 (1976)
AMERICAN BANK & TRUST COMPANY, Plaintiff-Appellee,
v.
MARBANE INVESTMENTS, INC., et al., Defendants-Appellants.
No. 5492.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1976.
On Rehearing September 20, 1976.
John Levy, Metairie, for defendants-appellants.
Charles N. Wooten, Ltd., by Robert P. Brenham, Lafayette, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and BERTRAND, JJ.
GUIDRY, Judge.
Plaintiff-Appellee, American Bank and Trust Company, filed suit on a promissory note in the principal amount of $30,000.00 against Defendants-Appellants, Marbane Investments Inc. and Marvin Poole. The suit was filed on January 20, 1975. On February 6, 1975 plaintiff was granted a preliminary default judgment which was entered in the minutes of court. On February 11, 1975 defendants appeared, through counsel, and filed an exception of no right of action, which exception has never been disposed of. On February 12, *1210 1975 plaintiff proceeded to confirm the preliminary default judgment and on that date the trial court rendered and signed a judgment in favor of plaintiff and against defendants in the principal sum of $30,000.00. Plaintiff's counsel asserts in brief to this court that although he did receive in the U.S. mail an unsigned, undated copy of what purported to be a peremptory exception of no right of action on the morning of February 12, 1975, the official court file did not contain this filing so he proceeded to confirm the preliminary default previously entered. In any event, the record does now contain an exception of no right of action filed on behalf of defendants with a notation duly signed by a deputy clerk of court evidencing that same was received and filed on February 11, 1975.
On November 10, 1975 defendants appeared through counsel and caused a rule to issue requiring plaintiff to show cause why the default judgment of February 12, 1975 should not be annulled for having been improvidently granted. In response to this rule plaintiff filed an exception objecting to defendant's alleged improper use of summary procedure, which exception was filed on November 20, 1975. The matter was heard, plaintiff's exception was maintained and defendant's rule seeking nullity of the judgment of February 12, 1975, was dismissed at defendant's cost. Defendants then filed an application for new trial which was denied. Defendants prosecute this devolutive appeal from the judgment of the trial court which dismissed their rule for nullity of the default judgment of February 12, 1975.
We believe that the trial court erred in refusing to annul the final judgment of February 12, 1975 and in sustaining plaintiff's exception of "unauthorized use of summary procedure".
The following articles of our Code of Civil Procedure are pertinent to the matter at issue:
LSA-C.C.P. Article 927:
"The objections which may be raised through the peremptory exception include, but are not limited to, the following:
(1) Prescription;
(2) Res judicata;
(3) Nonjoinder of an indispensable party;
(4) No cause of action; and
(5) No right of action, or no interest in the plaintiff to institute the suit.
The court cannot supply the objections of prescription and res judicata, which must be specially pleaded. The nonjoinder of an indispensable party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion."
LSA-C.C.P. Article 928:
"The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order.
The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision."
LSA-C.C.P. Article 1001:
"A defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law.
When an exception is filed prior to answer and is overruled or referred to the *1211 merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within ten days after the exception is overruled or referred to the merits, or ten days after service of the amended petition.
The court may grant additional time for answering."
LSA-C.C.P. Article 1002:
"Notwithstanding the provisions of Article 1001, the defendant may file his answer at any time prior to confirmation of a default judgment against him."
LSA-C.C.P. Article 1701:
"If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes."
LSA-C.C.P. Article 1702:
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required."
LSA-C.C.P. Article 1843:
"A judgment by default is that which is rendered against a defendant who fails to plead within the time prescribed by law."
LSA-C.C.P. Article 2001:
"The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006."
LSA-C.C.P. Article 2002:
"A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time."
The defendant concedes as it must that the preliminary judgment of default entered on the 6th day of February, 1975 was valid, defendant having failed to answer within the time prescribed by law. Defendants contend however, that this judgment was set aside or rendered invalid by the filing of the exception of no right of action on February 11, 1975 prior to the confirmation of such default judgment which took place on the 12th day of February, 1975, and therefore that the latter judgment is patently null having been entered against a defendant against whom a valid judgment by default had not been taken. (LSA-C.C.P. Article 2002(2)).
It clearly appears on the face of the record before us that prior to the rendition and signing of the judgment of February 12, 1975 the defendants pleaded the exception of no right of action to the action of plaintiff, which exception has never been considered. This peremptory exception *1212 although filed after entry of a preliminary judgment of default (LSA-C.C.P. Art. 1701) was timely in that such exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision (LSA-C.C.P. Art. 928).
Our law provides that one need only plead to the demand of a plaintiff to avoid the entry of a preliminary judgment of default (LSA-C.C.P. Article 1843), however, it is absolutely essential that an answer be filed prior to confirmation in order to set aside and render invalid a previously entered judgment of default (LSA-C.C.P. Articles 1002 and 1702). The filing of a peremptory exception does not have the effect of setting aside or of rendering invalid a judgment of default.
Although the filing of the exception in this case did not have the effect of setting aside or rendering invalid the preliminary judgment of default previously entered on the 6th day of February, 1975, LSA-C.C.P. Articles 1002 and 1702; State ex rel Borland v. Judge, 30 La.Ann. 155 (La.1878); Lamb v. General Film Co., 130 La. 1026, 58 So. 867, (La.1912), in our opinion, the filed exception suspended the effect of this preliminary judgment of default to the end that such default judgment was not subject to confirmation until a hearing was had on the exception and same was overruled. Our opinion in this regard appears to be supported by the following excerpt from Lamb v. General Film Co., pg. 869, supra:
"The defendant here having filed a peremptory exception after default, and all parties to the record having treated same as an exception, it cannot be decreed to be an answer, and it cannot have the effect of an answer. Plaintiff had the undoubted right to proceed and administer the proof necessary to confirm the default, after the peremptory exception had been disposed of." (Emphasis ours)
To hold otherwise would render nugatory the plain and explicit provision of LSA-C.C.P. Article 928 which permits the filing of the peremptory exception at any stage of the proceeding in the trial court prior to a submission of the case for a decision.
The effect of the default judgment of February 6th having been suspended pending disposition of the exception of no right of action we conclude that the final judgment of February 12th was improvidently granted for not being founded upon a validly effective judgment of default LSA-C.C.P. Article 2002(2). The nullity of the judgment of February 12th being patent on the face of the record we conclude that defendants were not required to bring a direct action to obtain this declaration of nullity, rather the proceeding by rule to show cause was proper.
It is well established in the jurisprudence of this state that a judgment absolutely void for defects patent on the face of the record may be collaterally attacked. Decuir v. Decuir, 105 La. 481, 29 So. 932; Nottingham v. Hoss, 19 La.App. 643, 141 So. 391; In re New Orleans Butchers' Co-operative, Abattoir, Inc., La. App., 193 So.2d 309; Folse v. St. Bernard Parish Police Jury, 201 La. 1048, 10 So.2d 892. In Decuir v. Decuir, supra, the court stated:
". . . The error of this ruling lies in the failure of the judge to distinguish between judgments that may be voidable and those absolutely void. As to the former, suits of nullity must be brought before the court which rendered the judgments. As to the latter, if a judgment is absolutely null for defects patent on the face of the proceeding, the party opposing its effect as to him need not resort to a direct action in the court which rendered it to secure the declaration of its nullity. . . ."
In support of its claim that summary process was improper in the instant case plaintiff-appellee refers us to the cases of *1213 Columbia Radio & Supply Company v. Jordan, 215 So.2d 553 (La.App. 4th Cir. 1968) and Garnett v. Ancar, 203 So.2d 812 (La.App. 4th Cir. 1967). The cited cases do not support plaintiff's argument that under all circumstances the action of nullity must be by ordinary proceedings. In Columbia Radio & Supply Company v. Jordan, supra, the plaintiff's demand for nullity of judgment was based upon allegations of improper service of garnishment interrogatories by the constable of the First City Court. The nullity of judgment was not patent on the face of the record and plaintiff therefore sought to demonstrate the invalidity of the judgment in an ordinary proceeding. In holding that the defendant could not convert this proceeding into a summary proceeding by a rule to show cause why the petition for nullity should not be dismissed the Court was careful to point out that the return of a serving officer on any citation was presumed correct and that such presumption of correctness was rebuttable only upon presentation of proper and convincing evidence. Accordingly, the action of nullity in that case was properly triable as an ordinary proceeding.
In Garnett v. Ancar, supra, the Court specifically found nothing on the face of the record disclosing the judgment to be an absolute nullity and in the course of its opinion clearly indicated that had it found otherwise the decision would have been different. In that case the court said:
"The question to be decided here is whether the default judgment of July 14, 1964 is an absolute nullity for defects patent on the face of the proceedings leading up to it. If so it may be attacked at any time, at any place, by rule or by any other method. If not it cannot be attacked except by a direct action of nullity preceded by petition and citation."
To the same effect is the following recent pronouncement of our Supreme Court in the case of Nethken v. Nethken, 307 So.2d 563 (La.1975):
"It is otherwise in the case of a judgment rendered against an unrepresented incompetent, a defendant not served or appearing or against whom a judgment by default has not been taken, or by a court without jurisdiction of the subject matter. As to these judgments, their nullity may be adjudged at any time and may be raised collaterally. They are said to be nul ab initio. La.Code Civ.P. art. 2002."
For the above and foregoing reasons the judgment of the trial court is set aside and annulled. The rule to show cause filed by defendants in this proceeding on the 10th day of November, 1975, is now made absolute and accordingly the judgment of the trial court rendered and signed in this proceeding on the 12th day of February, 1975 is annulled. This matter is now remanded to the trial court for such additional proceedings as the nature of the case may require and which will be consistent with the views expressed herein. Plaintiff-Appellee is cast for all costs of this appeal, the assessment of costs in the trial court to await the final disposition of this matter.
REVERSED AND REMANDED.
BERTRAND, Judge.
We granted a rehearing in this case to reconsider that portion of our original judgment which set aside and annulled the judgment of the trial court dated February 12, 1975.
Upon reconsideration we conclude that we committed error when we considered appellant's rule for nullity on its merits and determined that the judgment of February 12, 1975 was a nullity.
The district court did not try this rule on its merits. Instead, it dismissed same, having determined that the exception of improper use of summary procedure filed by appellee was well taken. The only issue before this court on appeal, therefore, was whether the trial court's action in sustaining this exception was proper or improper.
*1214 On original hearing we conclude that defendants could proceed in a summary manner to seek nullity of the judgment of February 12, 1975 and that the trial judge erred in sustaining the exception of improper use of summary procedure. For the reasons set forth in our original opinion, we adhere to this ruling. We find that we erred, however, in going further and in considering such rule on its merits. The trial court not having considered the rule for nullity on its merits, appellee has not had an opportunity to show, if it can, that appellants have lost their right to seek nullity of this judgment by voluntarily acquiescing therein. LSA-C.C.P. Article 2003.
For these reasons we amend the decree portion of our original judgment to read as follows:
"For the above and foregoing reasons the judgment of the trial court is set aside and annulled. The rule to show cause filed by defendants in this proceeding on the 10th day of November, 1975 is reinstated. This matter is remanded for trial of this rule and for such additional proceedings as the nature of the case may require and which will be consistent with the views expressed herein. Plaintiff-Appellee is cast for all costs of this appeal, the assessment of costs in the trial court to await the final disposition of this matter."
REVERSED AND REMANDED.