FORET, Judge.
A number of related actions brought to recover damages for wrongful seizure were consolidated for purposes of this appeal.[1] These actions will be referred to throughout *1366 the remainder of this opinion by their trial court docket numbers. This Court will render separate judgments in each of these cases for the reasons expressed in this opinion.
Defendants filed various exceptions in each of these actions. The trial court, after trial, rendered judgment sustaining defendants’ peremptory exceptions of prescription filed in actions # 73,782-1, 73,784-2, 73,-785-1, and 73,786-2, dismissing those actions without prejudice. The trial court further rendered judgment sustaining a dilatory exception of prematurity filed by certain defendants in 73,783-1 dismissing that action without prejudice.
Plaintiffs, in actions # 73,782-1, 73,784-2, 73,785-1 and 73,786-2, appeal devolutively from the trial court’s judgment and raise the identical issue of:
Whether the trial court committed manifest error in sustaining defendants’ peremptory exception of prescription.
Plaintiffs in action # 73,783-1 (our docket # 82-80), 416 So.2d 1369, also appeal devolutively from the trial court’s judgment sustaining defendants’ dilatory exception of prematurity. These plaintiffs[2] have failed, however, to file a brief with this Court. Thus, we dismiss their appeal.
FACTS
These actions for damages for wrongful seizure all arise out of the seizure of certain property, allegedly belonging to plaintiffs, pursuant to a writ of fi.fa. issued on the basis of a default judgment signed February 12, 1975, in American Bank & Trust Co. v. Marbane Investments, Inc., et al, Docket No. 68,249-1, 27th Judicial District Court, St. Landry Parish, La. On remand from a judgment rendered in American Bank & Trust Co. v. Marbane Investments, Inc., 337 So.2d 1209, on rehearing, 337 So.2d 1213 (La.App. 3 Cir. 1976), the trial court declared the above mentioned default judgment to be a nullity[3]. American Bank & Trust Company v. Marbane Investments, Inc., supra, provides a concise summary of the pertinent facts leading up to the present litigation, and we see no need to repeat them here.
PRESCRIPTION
Plaintiffs contend that the trial court committed manifest error in sustaining defendants’ peremptory exceptions of prescription filed in the four actions noted above. They argue that prescription has yet to begin to run against their actions for damages for wrongful seizure because there has been no determination made as to whether their property was, in fact, wrongfully seized. On the other hand, defendants argue that plaintiffs’ actions have prescribed since they were brought more than *1367 one year after the last seizure of property took place.
The crucial issue to be decided is whether prescription begins to run against an action for damages for wrongful seizure from the date on which the seizure took place, or from the date on which the seizure is judicially declared to have been wrongful. For the following reasons, we find that prescription begins to run against such an action from the date on which the seizure is judicially declared to have been wrongful.
Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1959), was an action with facts and circumstances similar to those found in the actions before us. Plaintiff in Hernandez had purchased an automobile. The motor number of that automobile had been erroneously included with those of two other automobiles on which a chattel mortgage had been granted by another person to secure a promissory note. Plaintiff’s automobile was seized when the holder of the promissory note brought a foreclosure suit via ordinaria to have the chattel mortgage recognized and enforced. A judgment was obtained decreeing the validity of the chattel mortgage and directing the sheriff to seize and sell the mortgaged chattels. Plaintiff’s automobile was seized while in his possession, and he and his mortgage creditor filed a third opposition to set aside the seizure insofar as it affected his car.
The trial court rendered judgment maintaining the third opposition, decreeing the third opponent to be the lawful owner of his automobile, and holding invalid the chattel mortgage, finding that the chattel mortgagor was never the owner of that vehicle. This ruling was upheld on appeal.
Hernandez was a suit for damages for wrongful seizure of the automobile brought by the former third opponent, who was now plaintiff. Hernandez stated, on page 322, that:
“It is manifest that the final judgment in the original case, supra, declaring the seizure of the Plymouth automobile void and invalid and that said vehicle on the date of the seizure was legally owned and possessed by plaintiff, is res judicata on the right to actual damages sustained by the true owner of the seized property. We adhere to this salutary principle of law recognizing that the owner of property is entitled to actual damages sustained where it is wrongfully seized by judicial process in a suit in which he is a stranger, his property being seized to pay the debt of a third person, the judgment debtor of defendant. Such a seizure is classified as a quasi offense, for which the seizing creditor is responsible in damages to the owner of the property seized. LSA-C.C. Art. 2315. Deliole v. Morgan, 2 Mart., N.S., 24; Edwards v. Turner, 6 Rob. 382; Soniat v. Whitmer, 141 La. 235, 74 So. 916, 919.”
(emphasis ours.)
A defendant in Hernandez had filed a peremptory exception of prescription (which was overruled by the trial court), apparently contending that prescription began to run from the date of the wrongful seizure.
Hernandez rejected this argument, holding at page 323, that:
“We concede that earlier eases relied on by defendant seemingly uphold his contention. Later decisions, however, have firmly established the rule that a party damaged by an illegal seizure of his property may file suit within one year after the final termination of the litigation, or in other words, that the running of one year prescription begins not from the date of the illegal seizure, but from the time the rights of the parties are finally determined. Obviously, the measure of damages grows out not only from the wrongful seizure but its continued illegal detention, the loss and deprivation to which the owner is illegally subjected. The soundness of this rule is instantly apparent in that the owner of property illegally seized is incapable of ascertaining or knowing the quantum of damages he has sustained until his rights to its ownership have been definitively decreed.”
(emphasis ours.)
*1368 It is possible to distinguish Hernandez from the actions sub judice brought by Marvin Poole and Marbane Investments, Inc., in that Hernandez was concerned with actions brought by a third party, who was a stranger to the litigation that resulted in the seizure of his property. Marvin Poole and Marbane Investments, Inc., were judgment debtors in the action that resulted in the seizure of their property. However, Hernandez cited Commercial Securities Company, Inc. v. Mattingly, 26 So.2d 37 (La.App. 1 Cir. 1946), with approval in formulating the rule noted above.
Commercial, in part, was concerned with a reconventional demand brought by the defendant thereto in which she sought to recover damages for the wrongful seizure of her property under a writ of sequestration. The reconventional demand was filed some 13'/2 months after judgment had been rendered granting her motion to dissolve the writ of sequestration. Plaintiff in Commercial (defendant-in-reconvention) filed a peremptory exception of prescription in response to the reconventional demand. The trial court overruled the exception and plaintiff appealed. Commercial reversed the trial court and ordered that plaintiff’s exception of prescription be maintained. On the issue of when prescription began to run against defendant’s claim, Commercial said that:
“The former jurisprudence was that prescription for the illegal issuance of the writ of sequestration began to run from the date of seizure. However, it is now settled jurisprudence of this State that prescription against suit for wrongful seizure under a writ of sequestration begins to run from the termination of litigation adjudicating the illegality of the seizure. See Burglass v. Villere, 170 La. 805, 129 So. 209; Tyler v. Phillips, La.App., 150 So. 681.”
Defendant in Commercial was a judgment debtor to the action which resulted in the seizure of her property. It is our opinion that, under the rationale expressed in Hernandez, prescription begins to run against an action brought by a judgment debtor for damages for the wrongful seizure of his property under a writ of fi.fa. from the date on which the litigation establishing that the seizure was wrongful is finally concluded.
As noted in footnote 3, the trial court rendered judgment on September 14, 1981, declaring the default judgment, under which the writ of fi.fa. was issued and property allegedly belonging to plaintiffs seized, to be an absolute nullity. This judgment is final and there can be no doubt that property seized under the writ of fi.fa., issued pursuant to it, was wrongfully seized. “An execution is wrongful where the writ is issued on a void judgment. .. . ” 33 C.J.S. Executions § 452.
Plaintiffs brought their actions to have the default judgment declared to be a nullity and for damages for wrongful seizure some four years prior to the date on which the default judgment was finally declared to be an absolute nullity. Thus, plaintiffs’ actions for damages for wrongful seizure were instituted timely and the trial court committed manifest error in sustaining defendants’ exceptions of prescription.
A review of the record shows that the trial court made no determination regarding the ownership of the property seized as no issue concerning said ownership was before it. The only issues considered by the trial court were those relating to the validity of the default judgment and the exceptions filed by defendants. We will remand the following suits to the trial court with instructions that it allow the parties thereto to adduce evidence concerning the ownership of the property seized, and that it make a determination of the ownership of said property based on said evidence. Further, the trial court will be instructed to allow these parties to introduce evidence concerning any damages plaintiffs may have suffered, if property owned by them was in fact wrongfully seized by defendants.
These suits are:
Elizabeth Cannatella Poole v. American Bank & Trust Co., Lafayette, La., et al, Docket # 73,782-1 (our docket # 82-79); *1369 Marbane Stables, Inc., et al v. American Bank & Trust Co., Lafayette, La., Docket # 73,784-2 (our docket # 82-81), 416 So.2d 1370; Marvin Poole & Associates of Texas, Inc., d/b/a Pik ‘N Pak Food Stores v. American Bank & Trust Co., Lafayette, La., Docket # 73,785-1 (our docket # 82-82), 416 So.2d 1370; and Marvin Poole, Individually, et al v. Charles N. Wooten, Individually, et al, Docket # 73,786-2 (our docket # 87-83), 416 So.2d 1371.
DECREE
For the above and foregoing reasons, the judgments of the trial court sustaining the exceptions of prescription filed in the above named suits are reversed, and they are remanded to the trial court with the following instructions:
a. To allow the parties thereto to adduce evidence concerning the ownership of the property seized, and for the trial court to make a determination as to the ownership of said property based on that evidence;
b. To allow these parties to introduce evidence relating to any damages suffered by plaintiffs, if any property owned by them was wrongfully seized by defendants.
The appeal from the trial court’s judgment rendered in Marvin Poole, Individually, et al v. American Bank & Trust Co., Lafayette, La., et al, Docket # 73,783-1 (our docket # 82-79) is hereby dismissed.
All costs of this appeal (our docket # 82-79) are assessed against defendants-appel-lees. The assessment of costs in the trial court in this action, which has been remanded, shall be made upon a final determination of the issues raised therein.
REVERSED AND REMANDED WITH INSTRUCTIONS.

. These actions include the following:
Elizabeth Cannatella Poole v. American Bank & Trust Co. of Lafayette, La., # 73,782-1, 27th *1366 Judicial District Court, St. Landry Parish, La.; Marvin Poole, Individually, et al v. American Bank & Trust Co. of Lafayette, La., et al, # 73,-783 -1, 27th Judicial District Court, St. Landry Parish, La., 416 So.2d 1369; Marbane Stables, Inc., et al v. American Bank & Trust Co. of Lafayette, La., # 73,784-2, 27th Judicial District Court, St. Landry Parish, La., 416 So.2d 1370; Marvin Poole and Associates of Texas, v. American Bank & Trust Co. of Lafayette, La., # 73,785-1, 27th Judicial District Court, St. Landry Parish, La., 416 So.2d 1370; and Marvin Poole, Individually, et al v. Charles N. Wooten, Individually, et al, # 73,786-2, 27th Judicial District Court, St. Landry Parish, La., 416 So.2d 1371.

. Plaintiffs in action # 73,783-1 are: Marvin Poole, Individually and as sole proprietor of Marbane Construction Co., and as sole proprietor of Marbane Real Estate and Insurance; and, Marbane Investments, Inc.

. A thorough search of the record fails to reveal that a judgment of nullity was signed in the lower court, declaring the default judgment to be a nullity; however, one of the counsel involved herein has annexed to his brief a copy of a judgment signed in open court on September 14, 1981, and marked filed on the same day by Delores S. Couvillion, Dy. Clerk, 27th Judicial District Court, which judgment declares the original judgment dated February 12, 1975, to be an absolute nullity. The judgment of nullity shows that it was rendered in Docket No. 68,249-1, and that lower court docket number has been assigned our docket number 5492. However, since the judgment of nullity was not appealed, and no issue is being made thereof by any of the parties, its apparently inadvertent omission from the record is of no significance.