WILLIAMS, Judge.
This is an appeal from a decision of the trial court dismissing plaintiff’s petition on the basis of three peremptory exceptions filed by defendant: (1) no cause of action; (2) no right of action; and (3) prescription.
On May 3, 1974, Frank Musso sold 2542 Canal Street (Musso’s Bar) to Josephine Russo, wife of/and Vincent Aiavolasiti. This sale was recorded. The property was sold two weeks later to the Continental Savings and Loan Association, which in turn, sold the property to Josephine Russo, individually, on the same date. Defendant obtained a judgment against Miss Josephine Russo and her husband Vincent Aiavolasiti individually and doing business as Swanson’s Restaurant. This judgment was signed July 2, 1975.
In 1977, defendant George Aiavolasiti garnished the rent being paid to Josephine Russo on the premises of 2542 Canal Street. This rent was paid under a written lease between Russo and the lessee. The garnishment was an execution of the judgment previously obtained by defendant against Russo and her husband.
Plaintiff bases her claim that the rents actually belonged to her husband and were wrongfully garnished on an allegation that the transfer from her husband to Josephine Russo and Vincent Aiavolasiti was actually a simulated sale made in order to escape certain taxes, and that an unrecorded counter letter was executed in which Josephine Russo acknowledged that Musso was the actual owner of the property. Plaintiff argues that defendant knew that the sale was simulated and was aware of the existence of the counter letter and that her husband’s attorney advised defendant’s attorney of the existence of the counter letter at the time of the original garnishment.
Defendant filed exceptions of prescription, no cause of action, and no right of action, all of which were granted by the trial court. Prescription, no cause of action, and no right of action are all peremptory exceptions. La.C.Civ.Pr. art. 927.
Defendant argues that because this action was brought more than one year after the garnishment was approved by the court, that plaintiff is prohibited now from bringing this action.
*1186 Plaintiff relies upon the decision of Poole v. American Bank & Trust Co., 416 So.2d 1365 (La.App. 3d Cir.1982). In Poole, the court held that prescription began to run for a wrongful seizure action from the time that the seizure is declared invalid. Plaintiff argues that because the seizure in the instant case has not yet been declared invalid, prescription has not begun to run. Defendant attempts to distinguish Poole from this case by pointing out that the seizure in that case was nullified in the same proceedings in which a judgment for wrongful seizure was obtained. Defendant also refers us to Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (La.1959), in which the Louisiana Supreme Court stated that the parties have one year from the final determination of their rights to bring an action for wrongful seizure. Defendant argues that the final determination of the parties’ rights in the present case was made when the seizure was ordered on September 20, 1977, and, therefore, more than one year has elapsed.
The judgment rendered by the court in September, 1977, was a final judgment, from which plaintiff had one year to bring an action for wrongful seizure. Hernandez v. Harson, supra. In order to attack a final determination of the parties’ rights, plaintiff would have to have the original judgment nullified.
An attempt to annul a judgment on the basis of fraud or ill practices must be brought in a direct, not collateral, action. La.C.Civ.Pr. art. 2004, Comment (d). Le-Glue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3d Cir.1980). Furthermore, article 2004 requires that an action must be brought within one year of discovery of the fraud or ill practices. Plaintiff alleges that defendant knew of the counter-letter at the time of the garnishment, which is more than one year before the filing of this action.
Any action plaintiff may have had against defendant, either direct or collateral, has prescribed. The trial court, therefore, correctly granted the exception of prescription.
Even assuming arguendo, that the trial court’s ruling on the exception of prescription was in error, the plaintiff also failed to state a cause of action.
For the purposes of an exception of no cause of action, all facts well pleaded in the petition are accepted as true, and all doubts resolved in the petitioner’s favor. No other evidence is considered by the trial court. Murphy Oil Company v. Gonzales, 316 So.2d 175 (La.App. 4th Cir.) writ den. 320 So.2d 558 (1975); Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (La.1961).
It is clear from plaintiff’s petition that the basis for her claim is that defendant knew of the unrecorded counter letter between Musso and Vincent Aiavolasiti. An unrecorded document affecting immovable property is not binding upon third parties. See, e.g., Julius Gindi Co. v. EJW Enterprises, 438 So.2d 594. Whether George Aiavolasiti knew of the document is irrelevant in the present case because the document is not binding upon him.
Assuming all of plaintiff’s allegations to be true, she nevertheless did not assert a cause of action. Plaintiff does not allege any other inconsistencies or improprieties in the garnishment proceedings. For these reasons, the trial court properly granted this exception.
For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRMED.
BARRY, J., concurs.