*851 The opinion of the court was delivered by
Miller, J.
This suit is to recover from defendant the amount •claimed to be due for paving in front of his property, laid by plaintiff under his contract with the city to perform the work at the cost ■of the front proprietor, as provided in the city charter, Act No. 20 of 1882, Secs. 32 and 33. From the judgment against defen Jant he •appeals. The amount sued for is not sufficient to meet the jurisdictional test as to money demands brought here by appeal, and there is a motion to dismiss. The defendant contends the payment demanded is a tax, the legality of which is in contestation, and this issue is within our jurisdiction, irrespective of the amount for which this suit is brought. Const., Art. 81.
The argument for the defendant maintains that the liability of the property in this class of eases is to be supported only on the authority of the city to levy what are termed local assessments, and that class of exactions is, he insists, taxes in popular significance and are so treated in the text-books and decisions. In this connection we are referred to Burroughs and other writers on taxation and to the ■decision of this court in Hill vs. Judges, 46 An. 1292. Itis true that local assessments, resting as they do with other conditions, on the ■compulsion of the law, are treated as part of the taxing power, but not subject to the restrictions of limitation or uniformity to which the tax in its ordinary significance is subject. Burroughs, Chap. 22 ; Yeatman vs. Crandall, 11 An. 222; Draining Co., praying, etc., 11 An. 338. The fax is levied for the public benefit; the local assessment for the improvement of the property of the individual, and payment is exacted solely on the theory that he receives the benefit, not participated in by the community, at least, to the same extent. Taxes are levied, too, solely by virtue of the law conforming to the Constitution. No system of local improvements is enforced without some reference to the assent of the owner, for whose advantage the banquette or street paving or other supposed improvement is furnished. It is true the assent of the majority or other proportion of the owners, fixed by the law, is made to bind those who object. But still there is the substitution of the will of the majority, for the consent of all or other similar requirement to make binding the local assessment. In this respect the assessment differs from the public tax, ■effective simply and only because the constitution authorizes and the law directs it. Under the city charter, the paving must be peti *852 tioned for by property owners, and if after due publication is not. opposed by the majority, is ordered by the Council. While, therefore, the local assessment is deemed a tax, it is distinguished from, the public tax by marked differences. The tax as usually understood is levied by the law alone, not for the individual but for the public-benefit. The local assessment is enforced by the law, but based on the consent of the owners to the extent required by the statute, and is levied for the advantage, the law presumes, of those on whose property the assessment is imposed. The difference-between the tax levied for the benefit of all and the local assessment imposed for the profit of the individual,, and the conditions not required for the public tax, but indispensable to exact the local assessment, are so prominent that in common parlance the word tax is not applied to the liability of the owner for cost of the banquette or paving in front of his property. The Constitution is supposed to use words in their usual acceptance, and under that familiar rule of interpretation we do not feel authorized to attribute to the constitutional grant of jurisdiction to this court a. meaning not, we think, in contemplation of the framers of the organic law. On a very recent occasion we had occasion to affirm the-jurisdiction of this court of controversies respecting the constitutionality of the levee taxes. Our predecessors held such questions-not within our jurisdiction. These levee taxes are certainly called local assessments in the statutes, and belong to that class of exactions. Constitution, Art. 214; Act No. 79 of 1890, and the other Levee-Board Acts. These taxes are, however, levied for the public benefit, to protect the State from overflow, as well as to shield the land of' the owner from the flood. The levees are part of the general system of taxation provided by the Constitution and exercised by the State-directly, or by the Levee Boards, for the great purposes announced by the Constitution and laws. Constitution, Art. 214; Amendment Acts 1886, p. 149; Acts 1888, p. 8. In the accustomed uses of language these levee taxes are called by that name, and not local assessments. We therefore held that the Constitution in giving this-court jurisdiction of controversies as to the legality or constitutionality of any tax, toll or impost whatever, contemplated these levee-taxes, presenting, as we thought, in all essential respects, the tax in. the contemplation of the organic law. Of course the reasoning of that case is to be construed with reference to the point be *853 fore the court. Our own jurisprudence discriminates these paying assessments from taxes. In Lafayette vs. Asylum the ■court held that an exemption from taxes did not émbrace paying assessments. The court defined taxes to be burdens for public uses, that is general public taxes for the benefit of the State at large, and thus distinguished it from the local assessment. In Crowley vs. -Copley, 2 An. 330, the court held that laws requiring the front proprietors to pay or contribute to making levees were not taxes in the sense of taxes used on exemption statutes. In Police Jury vs. Mitchell, 37 An. 44, this court dismissed the appeal of the riparian proprietor from the judgment in favor of the parish for his part of. the expense of building or repairing the levee, the court holding that such a charge on the owner was not a tax in the meaning of the jurisdictional provision of the Constitution in reference to this court. In City of New Orleans vs. Estate of Burthe, 26 An. 497, this court held that local assessments for street openings were not taxation in the meaning of the constitutional rule of uniformity applied to taxes. Finally, in 20 Annual this court dismissed the appeal from a judgment for curbing a gutter in front of the defendant’s property, done under contract with the municipal corporation under the law similar to that under which the plaintiff in this mode did the paving. To maintain this appeal we should have, in our opinion, to depart from a long line of authority resting, we think, on well-settled principles.
Our conclusion is the appeal can not be maintained, and it is adjudged and decreed that it be dismissed at appellant’s costs.