(33 South. 553.)

No. 14,446.

FLORSHEIM BROS. DRY GOODS CO., Limited, v. WILLIAMS et al.

(Feb. 2, 1903.)

APPEAL—REMAND BY CONSENT.

1. By reasons of consent of parties, this case is remanded.

(Syllabus by the Court.)

Appeal from judicial district court, parish of De Soto; Alfred Dillingham Land, Judge.

Action by the Florsheim Bros. Dry Goods Company, Limited, against Joe Williams and others. Judgment for plaintiff, and defendants appeal. Remanded by consent.

Sutherlin & Hall and Charles Wheaton Elam, for appellants. Alexander & Wilkinson, for appellee.

PROVOSTY, J. Considering the request of the parties to this suit, it is ordered, adjudged, and decreed that this case be remanded to the lower court in order that the compromise entered into by the parties may be made effective by the judgment of the lower court. The costs of this appeal to be paid by the defendants.

———

(33 South. 553.)

No. 14,193.

AYERS ASPHALT PAV. CO. v. LOEWENGARDT.

(Feb. 2, 1903.)

SUPREME COURT—JURISDICTION—LOCAL ASSESSMENTS.

1. In cases of local assessments this court has jurisdiction, regardless of the amount in dispute, where assessment has been levied by the sole authority of the government, but not where the assessment has been levied at the instance of, or after consultation with, the taxpayers.

(Syllabus by the Court.)

Appeal from civil district court, parish of Orleans; George H. Théard, Judge.

Action by the Ayers Asphalt Paving Company against Isaac Loewengardt. Judgment for plaintiff, and defendant appeals. Dismissed.

Merrick & Lewis and Philip Gensler, Jr., for appellant. Howe, Spencer & Cocke, for appellee.

PROVOSTY, J. This suit is to recover an amount of $438.71, alleged to be due by the defendant for his proportional share of a local assessment levied to defray the expense of paving the street upon which his property fronts.

The amount involved being under the lower limit of the jurisdiction of this court, the appeal has been brought here on the supposition that the local assessment in question is a "tax, toll or impost," within the meaning of the article of the constitution giving to this court jurisdiction of all cases involving the constitutionality of any "tax, toll or impost whatever."

In determining its jurisdiction, irrespective of amount involved, this court has made a distinction between assessments imposed by the sole authority of the government, and those imposed at the instance of the taxpayers. It has held that it has jurisdiction of cases involving the former class of assessments, but not of cases involving assessments of the latter class. The assessment in this case is of the latter class, and the appeal must be dismissed. Shreveport v. Prescott, 51 La. Ann. 1895, 26 South. 664, 46 L. R. A. 193; Fayssoux v. Denis, 48 La. Ann. 850, 19 South. 760.

The appeal is dismissed.