PROVOSTY, J.
This is a suit for the recovery of the defendant’s share in the cost of the construction of a sidewalk along the street on which his property fronts, in accordance with a contract made by the plaintiff to that effect with the city of New Orleans.
The first defense is that the amount is sought to be recovered of the defendant as a tax upon his property, and that the tax is unconstitutional because the defendant’s property received no benefit from the improvement; in fact, that the 'amount demanded exceeds the amount of the property. This court is now thoroughly committed to the doctrine that the question of benefit vel non to particular property, included within a local assessment district because of its being similarly situated with all the other property of the district with reference to the work of public improvement for the cost of which the assessment is levied, is a legislative and not a judicial question. Kelly v. Chadwick, 104 La. 723, 29 South. 295, affirmed on writ of error to the Supreme Court of the United States, Chadwick v. Kelley, 187 U. S. 540, 23 Sup. Ct. 175, 47 L. Ed. 293. It is not claimed in this case that the property in question is not similarly situated with all the rest of the taxed property in the local assessment district.
The next defense is that the ordinance under which the contract for the paving was entered into was never legally adopted, the yeas and nays not having been called and recorded on same, as required by the city charter. The only evidence on this defense is the certificate of the clerk of the city council at the bottom of the ordinance that it was adopted by the city council. This makes out a prima facie ease in favor of the due adoption of the ordinance.
The next defense is that the cost of the work is not apportioned according to law. Inasmuch as the tax can be legal only if apportioned according to the law under which it is levied, we consider that this defense raises the question of the legality of the tax, and that consequently this court has jurisdiction of it. State v. Rosenstre’am, 52 La. Ann. 2126, 28 South. 294. The work was not done at the petition of the property owners, but was ordered by the city council without consulting the property owners. The rule of apportionment is that each piece of property pays its proportional share of the total cost of the work, to be determined by frontage.
The suit is based on two certificates numbered respectively 10 and 15. No. 10 conforms to this rule of apportionment, except .that it contains a specific charge for 36 feet of drain pipe at 25 cents per foot — $9. The same objectionable feature of a specific charge for draining pipe is found in certificate No. 15. The rest of the certificate is a jumble which the court cannot understand. For the purposes of explanation, this case will have to be remanded.
After the case had been virtually closed, defendant asked leave to file an amended answer setting up the special defense that “the contract has never been completed, and *1011 that the effect of the same is to render access to the property impossible, and to destroy the entire work as a work of improvement.”
If by this it was meant to impugn the conduct of the city authorities in accepting the work, the defendant has suffered no harm by the rejection of the supplemental answer, inasmuch as the acceptance of the work by the proper authorities is conclusive, in the absence of an allegation of error or fraud. Kelly v. Ohadwiek, supra. If it was meant that the sidewalk called for by the contract was not continuous, or did not joiu the sidewalk system of the city, and that in consequence it did not afford access to the property, and on that account was of no benefit, and that in ordering the work to be done in that manner, and imposing a local assessment for its cost, the city authorities had grossly abused their authority, then this defense clearly was a new and independent defense, and came too late at the time when sought to be offered.
It is ordered, adjudged, and decreed that the judgment appealed from be set aside, and that this case be remanded, with leave to plaintiff to amend the certificates sued on, and, in the event such amendment is made, then with leave to defendant to amend his answer; appellee to pay the costs of this appeal; the costs of the lower court to await the final determination of the suit.