BREAUX, O. J.
Plaintiff instituted this suit to recover three different amounts, less than $2,000, and interest, for the use and benefit of contractors, Dejersey and Barnard, for paving sidewalks opposite defendant’s property. Plaintiff also asked for the recognition of a lien and privilege as securing payment of the amount.
Plaintiff derived its right in the first place for entering into the contract by Act 147 of 1902, also by authority conferred by the town charter.
Treating the propositions as a whole, the town entered into a contract with the contractors before named to lay concrete sidewalks along certain streets. This contract was directly authorized by the ordinance of July 12, 1909. Plaintiff alleges that the cost of the whole work was assessed against the property owners, and that the amount claimed is the proportion of cost due by defendant for the work done. Plaintiff also alleged that the chairman of its street committee gave the defendant notice to construct his sidewalk, but that he failed to comply with the notice; that he (defendant) never protested but stood by while the sidewalk was being constructed; and that by his conduct he was estopped from objecting to the work and from raising legal defenses not to pay.
Defendant in the first place complained of plaintiff’s failure to comply with his prayer for oyer of certain papers described.
Plaintiff answered the prayer for oyer and alleged that it had complied with defendant’s demand (and in this it is borne out by the returns made), except that it did not return an ordinance, which plaintiff alleged had been repealed.
We may as well state now that the issue raised because of this prayer for oyer and alleged failure to comply therewith has lost importance from our point, of view. Plaintiff has abandoned all claims under the existing ordinance as it is not material to the issues; there is no just ground of complaint on the part of the defendant.
The defendant filed a plea of no cause of action. Defendant also filed a plea of general denial, and, in addition, alleged the illegality and unconstitutionality of all of plaintiff’s ordinances and resolutions made the basis of the suit and of all of its proceedings in matter of the alleged improvement. Defendant further alleged that plaintiff failed to comply with its own laws and regulations, those which it was incumbent upon it to comply with. Defendant further alleged that no bids for the' construction of- sidewalks were ever received by the town and adopted legally, and avers that the contract was not awarded to the lowest bidder; that plaintiff kept no record of its proceedings, gave no notice to construct sidewalks,' levied no assessments; that the ordinance No. 72 is illegal; that members of the council were dual officeholders, had an interest of sonje kind which renders them incompetent, and other objections to the same effect were urged.
The district court rejected plaintiff’s claim, and a judgment was entered, from which the plaintiff appealed.
On Motion to Dismiss the Appeal.
[1] Defendant and appellee moved to dismiss the appeal on the ground that the amount sued for is less than $2,000, and because the constitutionality of a tax, impost, or toll is not in contestation, and no ordinance of a *932 municipal corporation has been declared unconstitutional.
The only question for decision is whether special assessment and levy of a tax for local improvement is to be considered as a tax or a mere assessment.
A similar question to that presented here was decided on a motion to dismiss the appeal in Kelly v. Chadwick, 104 La. 729, 29 South. 295. The legality of a local assessment was the issue presented in the cited case. As in the present case, the taxpayers, had never been consulted about the tax for local improvement. The court in the cited case held that the forced contribution was a tax, citing Shreveport v. Prescott, 51 La.. Ann. 1895, 26 South. 664, 46 L. R. A. 193.
The Kelly-Chadwick Case was reaffirmed in Bruning v. Chadwick, 104 La. 718, 29 South. 301. The question came up again in Moody v. Chadwick, 108 La. 66, 32 South. 181. Again the court held that it was a tax. The case of Asphalt Co. v. Loewengardt, 109 La. 439, 33 South. 553, is a parallel case. A denial that an assessment is properly apportioned “raises a question of the legality of the assessment and creates an appealable issue.” Moody v. Sportorno, 112 La. 1008, 36 South. 836.
The question decided in that case was that jhe cost of the work was not apportioned according to the tax.
In the present case as in the cited case the tax is at issue.
The motion is overruled.