(77 South. 118)

No. 20939.

TOWN OF MINDEN v. STEWART et al.

(Nov. 26, 1917.)

*(Syllabus by the Court.)*

On Exception to Jurisdiction.

1. COURTS ☞224(7) — LOUISIANA SUPREME COURT—JURISDICTION—"TAX."

Where a local assessment for street improvements is made or levied by compulsion of law, without regard to the assent or dissent of the abutting proprietors, it presents the case of a "tax," in the sense in which the word is used in the article of the Constitution (Const. art. 85) conferring jurisdiction upon this court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tax.]

2. COURTS ☞224(7)—JURISDICTION—LOUISIANA SUPREME COURT—TAX.

Where the answer impeaches the validity of the city ordinance on the ground that it imposes a greater burden on the abutting property than the paving statute (Act. No. 147 of 1902) authorizes, there is presented the issue of legality vel non of the tax sought to be collected, and this court has jurisdiction without regard to the amount involved.

On the Merits.

3. TRIAL ☞4 — PEREMPTORY EXCEPTIONS—HEARING.

Peremptory exceptions founded on law do not go into the merits of the cause, and should be passed on before passing on the merits.

4. JURY ☞25(6)—REQUEST FOR JURY—TIME.

A defendant may pray for a jury in his answer, or previous to the suit being set down for trial. And if the court erroneously orders an exception to stand as part of an answer, the defendant has the right to pray for a jury at the time of filing his answer, although the case may have been erroneously set down for trial prior to the time of the filing of such answer.

O'Niell, J., dissenting in part.

Transferred from Court of Appeal, Second Circuit.

Proceedings by the Town of Minden against D. W. and E. L. Stewart and Alberta Glass. Judgment for plaintiff, and defendants appealed to the Court of Appeal of the Second Circuit, which, on the ground of its want of jurisdiction, transferred the cases to the Supreme Court. Motion to dismiss appeal denied, and judgment reversed, and cases remanded to district court.

See, also, 132 La. 927, 61 South. 874.

Roberts & Roberts and R. C. Drew, all of Minden, for appellants. W. R. Percy, of Shreveport, for appellee.

SOMMERVILLE, J. The town of Minden proceeds against the several defendants under Act 147 of 1902, p. 261, for the collection of taxes or local assessments for the paving of sidewalks abutting the premises of the defendants. There was judgment in favor of the plaintiff, and against defendants, from which judgment defendants appealed to the Court of Appeal of the Second Circuit, which court has transferred the cases to this court for want of jurisdiction in said court.

The defendants here move the court to remand the cases to the Court of Appeal on the ground that this court is without jurisdiction; the amount involved being under the lower limit of the jurisdiction of the court, and the legality of a tax, toll, or impost not being involved in the cases.

On Exception to Jurisdiction.

The Court of Appeal in declaring that it was without jurisdiction, and that the Supreme Court had jurisdiction, quote the third article of the answer of the defendants, which distinctly calls in question the legality of the tax or forced contribution which is sought to be collected in this case. That article of the answer is as follows:

"Defendants specifically and specially deny all the allegations contained in paragraphs 3, 4, and 5 of plaintiff's petition, and especially deny that any legal and correct assessment has been made against the property on said streets in accordance with the frontage of the private property and the proportionate cost of laying the walks in front of same; and especially deny that the assessment or charges made against defendant's property are in accordance with the frontage, or are correct and legal in any particular, or that defendants or their property owes the same, and shows that no assessment has been made against any other property on

said streets but your defendants, and that it is incorrect, illegal, null and void."

[1, 2] Article 85 of the Constitution declares:

"The Supreme Court, except as hereinafter provided, shall. have appellate jurisdiction only * * *. to all cases in which the constitutionality or legality of any tax, toll or impost whatever * * * shall be in contestation, whatever may be the amount thereof. * * * "

It has been repeatedly held that a local assessment of the kind now under consideration is a tax within the meaning of the article just quoted from. In this very case when it was appealed previously by Alberta Glass, one of the defendants here, it was said with reference to the quotation above noted in the answer in this case:

"A denial that an assessment is properly apportioned raises a question of the legality of the assessment, and creates an appealable issue."

The motion to dismiss the appeal for want of jurisdiction was overruled. Town of Minden v. Alberta Glass, 132 La. 927, 61 South. 874.

Act 147 of 1902, p. 261, under which the town of Minden laid the sidewalks upon which these suits have been brought, imposes "special taxes or local assessments" on property holders without a petition on the part of the property owners for such improvements. It is therefore a forced contribution, in the nature of a tax; and as the legality thereof has been questioned by the defendants, the appeal was properly transferred to this court.

In the case of State v. Rosenstream, 52 La. Ann. 2126, 28 South. 294, which was a suit by the state for an additional license to the one already paid by the defendant, we say:

"The interpretation and construction of a tax law, with reference to whether or not the tax claimed under it is due, necessarily brings in question the legality of the tax."

In the case of City of Shreveport v. Prescott, 51 La. Ann. 1895, 26 South. 664, 46 L. R.

A. 193, where the city of Shreveport was attempting to collect taxes or forced contributions for street improvements from abutting property holders, and there was a motion to dismiss on the ground that the amount involved was less than $2,000, this court held that the contention of the plaintiff was:

"That the ordinance of the city council imposes a tax or local assessment upon the property holders on three streets, which are included in the paving contract aggregating $70,000 or $80,000 in value; the portion of no one of the taxpayers amounting to a sum equal to $2,000. * * *

"The legislative act upon which the ordinance of the city of Shreveport is founded is, as its title declares, one to empower cities and towns (the city of New Orleans excepted) having a population exceeding 10,000 to pave or otherwise improve the streets and alleys thereof, and to levy and collect special taxes and local contributions on real estate abutting the same; to defray part of the cost of such work of improvement, etc. * * * The decisions of this court have repeatedly held that local assessments were not taxes eo nomine—that is, in the ordinary sense of that term as it is employed in the Constitution; but that they are taxes in the more general signification that they are a charge put upon property by authority of the lawmaking power.

"The general distinction that is taken between taxes and local assessments, by courts and authors, is that the former are forced contributions, levied by the government alike upon all property for the purpose of raising revenue for the support of the government, without reference to the benefit that the taxpayers may derive therefrom; while the latter are also forced contributions which, are levied by the government, but upon certain particular property, and with a view of raising revenue for certain designated purposes, having direct. reference to the special benefits that will inure to the property thus taxed.

"It will serve no useful purpose to examine and analyze those authorities.

"It has also been held, with practical unanimity, in numerous decisions of this court, that while the portion of the cost of paving and improvement of streets and banquettes in cities and towns which are, under the law, chargeable to abutting property owners, are local assessments, yet they are taxes in the sense of the article of the Constitution which confers appellate jurisdiction on this court; but the. reason for so holding evidently was that under the provisions of different city charters such assessments were based primarily upon petitions signed by such abutting property owners, and, consequently, not predicated upon the fiat of the General Assembly, notwithstanding same were levied upon the theory of local benefit con-

ferred upon the property of abutting proprietors. * * *

"The local assessment under consideration was levied by the city of Shreveport, but by the authority of a legislative enactment, which required no consent on the part of property owners residing upon the streets to be paved. * * *

"The feature which distinguishes local assessments for public state purposes from those for city street improvement is the assent of the property owner; same being a sine quo non to the latter, but not to the former. * * *

"All of the foregoing decisions are entirely consistent and all of them equally favor the constitutional right of this court to assume appellate jurisdiction of all cases in which is involved any tax, toll or impost whatever, when same is levied in pursuance of the law alone. * * *

"Viewing our jurisprudence in this light, we are of the opinion that we should entertain jurisdiction of this cause, and, being of this opinion, the motion to dismiss the appeal is denied."

In the case of Kelly v. Chadwick, 104 La. 719, 29 South. 295, which involved the collection of taxes or forced contributions for street improvements in the city of New Orleans, where the assent of property owners had not been had, and a motion to dismiss the appeal was filed, this court said that there was involved the interpretation of a contract which provided that the special assessment was to be according to the front-foot rule under the statute, and that the city had disregarded said rule, and we maintained jurisdiction of the cause, 'as the legality of the tax was involved; and in reviewing the decision in the Prescott Case, supra, said further:

"We held in the latter case that the forced contribution for street improvement purposes, under such circumstances, was a tax in the sense of the constitutional provision conferring appellate jurisdiction upon this court. So, too, we must hold in the instant case. In the Prescott Case the abutting proprietors impeached the validity of the city ordinance on the ground that it imposed a greater burden upon their property than the paving statute, correctly interpreted, permitted. Hence the illegality of the tax or forced contribution assessed against them. This court, entertaining the view that the ordinance was not in keeping with the terms of the statute, and, to the extent not in keeping with it, injurious to the abutting owners, annulled the same, reserving

to the city council of Shreveport the right to reform the ordinance so as to conform to the law. Here the like contention is made, that the ordinance exceeds the authority bestowed by the statute, and injuriously affects the property owner. There is therefore presented the issue of illegality vel non of the tax sought to be collected, and this court has jurisdiction."

This last decision was affirmed in Bruning v. Chadwick, 104 La. 718, 29 South. 301, and also in Moody & Co., Ltd., v. Chadwick, 108 La. 66, 32 South. 181. This last case involved an assessment or forced contribution for a sidewalk.

Again, in Ayers Asphalt Paving Co. v. Loewengardt, 109 La. 439, 33 South. 553, the court say:

"This suit is to recover an amount of $438.71, alleged to be due by the defendant for his proportional share of a local assessment levied to defray the expense of paying the street, upon which his property fronts.

"The amount involved being under the lower limit of the jurisdiction of this court, the appeal has been brought here on the supposition that the local assessment in question is a tax, toll or impost, within the meaning of the article of the Constitution giving to this court jurisdiction of all cases involving the constitutionality of any tax, toll or impost whatever.

"In determining its jurisdiction irrespective of the amount involved, this court has made a distinction between assessments imposed by the sole authority of the government, and those imposed at the instance of the taxpayers. It has held that it has jurisdiction in cases involving the former class of assessments, but not of cases involving assessments of the latter class. The assessment in this case is of the latter class, and the appeal must be dismissed. Shreveport v. Prescott, 51 La. Ann. 1895, 26 South. 664, 46 L. R. A. 193; Fayssoux v. Denis, 48 La. Ann. 850, 19 South. 760."

In the case of D. Moody & Co. v. Spotorno, 112 La. 1008, 36 South. 836, the court say:

"The next defense is that the cost of the work is not apportioned according to law. Inasmuch as the tax can be legal only if apportioned according to law under which it is levied, we consider that this defense raises the question of the validity of the tax, and that consequently this court has jurisdiction of it. State v. Rosenstream, 52 La. Ann. 2126, 28 South. 294. The work was not done at the petition of the property owners, but was ordered by the city council without consulting the property owners. The rule of apportionment is that each piece of property pays its proportional share of the total cost of the work, to be determined by frontage."

The court in that case retained jurisdiction of the appeal.

The motion to dismiss the appeal is denied.

### On the Merits.

[3] The defendants in these consolidated cases filed exceptions to the petition of plaintiff on the ground of no cause and no right of action. When these exceptions were called for trial, January 16, 1914, they were heard and ordered to be referred to the merits, and to stand as parts of the answers of defendants. The exceptions are purely exceptions, and should have been disposed of, and not have been referred to the merits of the cause. There is some amplification in the exceptions going to show wherein the right or cause of action did not exist in plaintiff, but they were preliminary matters and properly formed parts of the exceptions.

"An exception of no cause of action * * * should be passed on before passing on the merits." Rogers v. Southern Fiber Co., 119 La. 714, 44 South. 442.

"Peremptory exceptions founded on law do not go into 'the merits of the cause,' and may be pleaded in every stage of the action previous to the definitive judgment." Bijou Co. v. Lehmann, 118 La. 956, 43 South. 632.

"An exception of no cause of action not being an answer, even though filed after default, cannot be ordered by the trial court to stand as an answer; and such an order, though made, upon a rule to show cause, cannot deprive the defendant of his rights to file an answer." Davenport v. Ash, 121 La. 210, 46 South. 213.

"The defendant has the legal right to have the exceptions disposed of as exceptions, and of this legal right she has been deprived by the unwarranted action of the lower court. This court has again and again animadverted upon the deplorable practice of referring to the merits exceptions that do not involve the merits." New Orleans Terminal Co. v. Teller, 113 La. 733, 37 South. 624, 2 Ann. Cas. 127.

[4] On the same day on which the exceptions were overruled and ordered to stand as parts of the answers, the cases were fixed for trial on March 9, 1914. In the meantime the court was in recess; or, rather, the judge from the adjoining district who had been called to try these cases was not in the parish of Webster during that interim. On March 9, 1914, the defendants filed answers in which they specifically reserved the benefits of the exceptions theretofore filed, and they prayed for a trial by jury. The prayer for a jury was denied, contrary to the law which grants to defendants the right to a trial by jury. Thereupon the defendants asked for a continuance on the ground that they were entitled to a trial by jury, and were not prepared with their evidence to go to trial on that day, and on the further ground that their leading counsel had a case fixed for trial in the parish of Orleans which he had asked to be continued and the continuance had been refused, and he could not therefore be in attendance on the trial of these cases. The motion for a continuance was denied, and defendants reserved bills of exceptions. The court ruled that the prayer came too late, after the cases had been fixed for trial, and that the exceptions, under the ruling of the court, were just as effective as answers, and stood as such, just the same as they would have been had they been filed as answers to start with. "The court considered that the applications were made for delay."

In ordering the exceptions to be tried with the merits of the cause, the court recognized the right of the defendants to answer, and the answers or supplemental answers were filed in time, and before default was taken against the defendants. In answering, defendants had the right to ask for trial by jury, and this could not be denied them on the technicality that the case was at issue and fixed for trial on an exception of no cause or right of action, which had been wrongfully referred to the merits and ordered to stand as "a part of the answer" in each case.

Defendants had the legal right to have their cases tried before a jury. And the court, in refusing the prayer for a jury, and proceeding with the trial of the cause on the

merits, over the objections of the defendants, erred, and the case will have to be remanded for trial.

The Code of Practice provides in article 495 that the defendant, in order to avail himself of a trial by jury, must pray for a jury in his answer, or previous to the suit being set down for trial; and if in his answer the defendant has only declined the jurisdiction of the court, without answering to the merits, he may, if his plea be overruled, pray for a jury in his answer to the merits. These cases cannot be legally said to have been fixed until answers were filed. The illegal fixing before issue was joined, either by answer to the merits or by default, could not deprive the defendants of the right the law gives them to present their cases to a jury.

The defendants in these cases had no reason to believe that a trial by jury would be denied them, and the asking for a jury was at the very first sitting of the special judge when he appeared in the parish or on the bench, since the exceptions were referred to the merits. There does not appear to have been any delay on the part of the defendants in answering and applying for a trial by jury.

It further appears that the judgments are in error in these cases, as they are personal judgments. The claims are for the cost of paving sidewalks, and they are strictly in rem. In such cases no personal liability attaches.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and that these cases be remanded to the district court to be proceeded with in accordance with law, and with the views herein expressed. Costs of appeal to be paid by plaintiff and appellee.

O'NIELL, J., dissents from the ruling that this court has jurisdiction.