GRASSER CONTRACTING CO.

            vs

F. RIVERS RICHARDSON.

No. 7351.

December 1918.

■

ON REHEARING .

In deciding this case, we came to the conclusion that the City Council, in the exercise of its discretion, under Sections 47 and 48 of the City Charter of 1912 had passed an ordinance ordering the pavement to be done, designated the kind of pavement, and assessed against the property holders their proportion of the cost; that the action of the council was legal, and that, accordingly , the property of the defendant was liable for its proportion of the cost of paving under the ordinance.

The defendant has applied for a rehearing and has called our attention to the fact that it results from our decision that the claim against him for the paving ordered by the Council, in its discretion, is a "tax", within the meaning of Article 85 of the Constitution conferring jurisdiction upon the Supreme Court whatever may be the amount thereof, and that the Court of Appeal has no jurisdiction of the case, inasmuch as the defendant, by his answer, has contested the legality of. the paving claim or tax imposed by the municipal corporation. We had anticipated this suggestion.

In Town of Minden vs Stewart 142 La., 467 the Supreme Court said:

"Where a local assessment for street improvements is made or levied by compulsion of law, without regard to the assent or dissent of the abutting proprietors, it presents the case of a "tax" in the sense in which the word is used in the Article of the Constitution conferring jurisdiction upon this Court".

Affirming the leading case of the City of Shreveport, 51 A., 1895.

See Also: 104 La., 719, 718; 108 La., 65; 109 La. 439;

18

112 La., 1008; 132 La., 927.

In State ex Rel Hill, 46 A., 1292, it was said that assessments to build levees were "taxes" within the purview of Art. 81 of the Constitution conferring jurisdiction upon the Supreme Court in all cases involving the legality of any tax whatever. Also 47 A., 706.

Even if we have been in error in determining that the paving was not done in pursuance of a petition of the property owners, but was done under an ordinance adopted by the Council, "in its discretion", this very question upon which this case turns may be one to be investigated and determined by the Supreme Court. State vs Rosenstream 52 A., 2126.

We have therefore reached the conclusion that we have no jurisdiction in the case and under Act No. 19 of 1912 we transfer it to the Supreme Court.

It is therefore ordered that this cause be transferred to the Supreme Court of this State; provided, that before said transfer is made, the appellant, or his attorney of record, shall make oath that his appeal was not made for the purpose of delay; and provided that said appellant shall file in said Supreme Court a transcript of this cause including his affidavit and a copy of the two opinions and decrees herein on or before January 15th. 1919; the costs of appeal in this Court to be paid by appellant.

December 23rd. 1918.

19

## 7351

ON SECOND REHEARING.

John St.Paul, Judge.

Our decree on rehearing transferring this case to the Supreme Court, and the decree of that court remanding it to us (144 La 933) sufficiently show why it is now before us for the third time.

As to the facts and issues involved, they are stated fully in our original opinion, except in one particular. We said that the petition for paving had not been signed by a majority (52%) of the property owners; but we did not go into the details, which are as follows:

The official certificate affixed to the paving petition, shows that the total property frontage (both sides) aggregated 5380 feet, 52% of which would be 2798 feet. The petition purports to be signed by the owners of 2921 front feet, and hence on its face represents the required 52%. But of the 2921 feet represented by the petitioners, 1240 feet (332 plus 908) admittedly changed owners before the petition was acted upon by the council; so that when the paving was actually ordered the signers

20

then represented only 1681 front feet, or less than 22%.

This however makes no difference at this time, for two reasons, viz;

I.

The City charter (Act 159 of 1912) provides that whenever 52% of the property owners shall petition for paving, the council shall publish the petition for four weeks; and if at the end thereof none of the signers withdraw, and a majority of the property owners do not object in writing, the council shall order the paving (Section 42, par. I).

Language cannot be made clearer and more peremptory. The object of the law is unmistakable; it was to notify all persons interested, and oblige them to come forward then and there with any objections which they might have to said paving. Failing in this, they were not thereafter to be heard complaining. (Egan Bros vs Richardson, 10 Orleans App. 194).

And Section 50 makes the purpose of the law still clearer, if possible, That section provides that the Commissioner of Public Property shall notify in writing, each individual property holder of any proposed paving ordinance. Nevertheless his failure to do so shall result not in invalidating the ordinance, but subjecting himself to removal from office.

21

In our original opinion we held that as to the paving involved in this case, it made no difference whether the council had proceeded with or witho * e petition of property holders, since the council had done no more than it had a right to do on its own initiative and without having been petitioned at all.

We have now re-examined that opinion and feel satisfied that the conclusion then reached is correct.

It is therefore ordered that the decree herein first handed down be now re-instated and made the final judgment of the court.

New Orleans La, March 8, 1920.