SOMMERVILLE, J.
Plaintiff’s claim against defendant is for certain paving which was done in front of the latter’s property, in Lowerline street, in the city of New Orleans, under section 42 of the city charter (Act 159, 1912, p. 277). That section provides:
“Whenever the owner or owners of fifty-two (52) per cent, or more of real property abutting. on any unpaved or unbanquetted street in the city of New Orleans, or any portion thereof, shall by petition signed by petitioner or petitioners and addressed to the commission council of said city ask for the paving of the roadway or roadways, or for the banquetting of the sidewalk or sidewalks of said street or said portion thereof, setting forth the character or quality of said roadway or roadways paving, or said sidewalk or sidewalks banquetting, said commission council shall have said petition published in English in the official journal of the said city once a week for four weeks, and if at the expiration of said publication so made of said petition, some of the signers do not with* draw and the owner or owners of a majority of real property abutting on said street or Said portion thereof do not by memorial signed by the memorialist or memorialists and addressed to the said- commission council object to the proposed roadway or roadways paving, or sidewalk or sidewalks banquetting, the said commission council shall by ordinance order the roadway or roadways paving or sidewalk or sidewalks banquetting so petitioned for to be made.”
The petition to pave Lowerline street bears date of July 12, 1910, but it would appear that it did not reach the commission council until the latter part of the year 1913. At that time the petition of the property holders was published, and the contract was thereafter let; and work on the street was begun in the early part of the year 1914.
The district court held that the entire proceeding was stricken with absolute nullity, because if the paving petition were considered as of date in any of the separate years, 1910, 1911, 1912, or 1913, that there were not in any one year sufficient signatures to make up the full 52 per cent, of that year, and that, defendant’s protest being timely, he was absolved from payment.
The above finding of fact was concurred in by the Court of Appeal in the following language:
“It is shown by the record that the council had written evidence before’it showing that a majority of the property holders had not signed the petition.”
Nevertheless, the judgment of the district court was reversed by the Court of Appeal, and judgment was rendered in favor of plaintiff as prayed for.
The Court of Appeal, as said in their opinion, found that while the roadway was not paved in accordance with section 42, it had been paved under the terms of sections 47 and 48 of the city charter, which latter sections did not require the petition of 52 per cent, of the property holders on the street, and that therefore the contract was a legal one, under which defendant was liable for the paving in front of his property.
When this same contract, between the same parties, in this same suit, was before this court, it was decided that this court was without jurisdiction because the contract made between the city of New Orleans and plaintiff called for the imposition of a local assessment or forced contribution, under section 42 of the city charter, and was not for a tax under sections 47 and 48 of the charter, *615 and that this court was therefore without jurisdiction. 144 La. 933, 81 South. 429.
That same distinction with reference to forced contributions and taxes was made in the case of Town of Minden v. Stewart, 142 La. 467, 77 South. 118, wherein the authorities on the question are given at length.
[1] The two proceedings provided for in the city charter, with reference to. paving streets and sidewalks in the city of New Orleans are separate and distinct, although embraced in one act of the Legislature. Under section 42 the paving must be done on the petition of the property holders, addressed to the commission council; while under sections 47 and 48 the work may be done by the commission council without such petition by the property holders; and only on published notice. And the Court of Appeal was in error in holding that the contract purporting to have been made under section 42 was a good and valid contract under sections 47 and 48.
[2] As the property owners’ petition in this case was not signed by 52 per cent, or more of the owners of property on Lowerline street, it was illegal, null, and void, and could not serve as a foundation for the contract here sued upon, particularly as defendant in the cause filed a timely protest against entering into said contract.
Plaintiff in this court has filed a plea of estoppel, based on the allegations that defendant was fully aware of the contemplated paving of the street fronting his property by the physical conditions of said street, anterior to his protest and by the published petition of the minority of the property holders; and it urges that he cannot now be heard to charge irregularities in the proceeding.
[3] The illegality of the petition (not having been signed by 52 per cent, of the property owners on Lowerline street) was brought to the knowledge of the city of New Orleans, and, it is presumed, to the knowledge of the plaintiff, prior to the entering into of the contract between the city and plaintiff; and, as that defect was a radical one, defendant would have the right to urge it in defense of any claim under the contract. Act 219, 1914, p. 416, although passed in July, 1914, after the date of the contract, specially provides that—
“The plea of estoppel shall never he allowed by the courts of this state in matters of local or municipal assessments where there are radical defects in the proceedings leading up. to such local assessments,” etc.
This act was in effect before the plea of estoppel was filed in this case; and the plea is covered by the terms of that act.
It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal be annulled, avoided, and reversed, and that the judgment of the district court be affirmed, with costs against plaintiff in all courts.