(86 South. 499)

No. 24309.

## CITY OF SHREVEPORT v. LAND.

(Nov. 3, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Courts** ⊕224(7) — **Local assessment not "tax" within meaning of provision giving Supreme Court jurisdiction.**

A local assessment or forced contribution imposed under authority of a petition of a majority of property owners is not a "tax," within the meaning of Const. art. 85, giving the Supreme Court jurisdiction of all cases in which the constitutionality or legality of a tax is contested.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tax.]

2. **Courts** ⊕483—**Appeal to Supreme Court transferred to court of appeal and not dismissed.**

An appeal to the Supreme Court, of which such court has not jurisdiction by reason of the amount involved, will not be dismissed, but will be transferred to the court of appeal, where the attorney for appellant files an affidavit, on appellee's motion to dismiss for willfulness, stating that the appeal was brought in good faith and not for the purpose of delay, and there is no reason to believe that the attorney would willfully impose unnecessary cost upon his client by bringing an appeal to the wrong court.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by the City of Shreveport against Mrs. Ada S. Land. Judgment for defendant, and plaintiff appeals. On motion to dismiss appeal. Appeal transferred to court of appeal.

B. F. Roberts, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer and Joseph H. Levy, all of Shreveport, and Carroll & Carroll, of New Orleans, for appellee.

O'NIELL, J. [1, 2] Plaintiff appeals from a judgment rejecting a demand for $502.97, claimed by the city as a local assessment for paving a street on which defendant's property abuts. The appeal was brought to this court upon appellant's belief that the local assessment or forced contribution was a "tax," within the meaning of article 85 of the Constitution, which gives this court jurisdiction of all cases in which the constitutionality or legality of a tax is in contest, regardless of the amount thereof. The assessment in contest in this case purports to have been imposed under authority of a petition of a majority of the property owners. It is settled by the jurisprudence of this court that a local assessment or forced contribution imposed in that way is not a tax, within the meaning of article 85 of the Constitution. Counsel for both appellant and appellee concede that this question is settled and that this court has not jurisdiction in the case. Counsel for appellee, however, insist that the appeal should not be transferred to the court of appeal, but should be dismissed, because, as they argue, the attorney for appellant willfully appealed to this court, instead of the court of appeal, with full knowledge that the court of appeal, and not this court, had jurisdiction in the case. In answer to the motion to dismiss the appeal, the attorney for appellant has filed an affidavit, saying that the appeal was brought to this court in good faith, under the belief that the court had jurisdiction, and not for the purpose of delay. We have no reason to believe that the attorney for appellant would willfully impose unnecessary cost upon his client by bringing an appeal to the wrong court. There is therefore no reason for dismissing this appeal instead of transferring it to the court of appeal.

It is ordered that this case be transferred to the court of appeal, Second circuit. Appellant is to pay the costs of the appeal to the Supreme Court. All other costs are to depend upon the final judgment.