No. 9488.

Orleans Appeal.

STATE EX REL. OTTO F. BRIEDE, Appellant, v. CITY OF NEW ORLEANS, RECORDER OF MORTGAGES, CRAVEN & LANG, AND A. P. BOH & CO.

(January 19, 1925, Opinion and Decree.)
(February 2, 1925, Rehearing Refused.)
(March 3, 1925, Decree Supreme Court. Writ of Certiorari and Review Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Municipalities—Par. 127.**
The acceptance of paving work by the City of New Orleans is binding upon abutting property holders in the absence of fraud or error.

2. Louisiana Digest, Municipalities—Par. 127, Estoppel—Par. 52; Pleading—Par. 62.

A petition of a property holder alleging the nullity of paving liens and praying for their cancellation upon the ground that the paving was not laid according to specifications without suggesting fraud or error filed after the completion of the paving and its acceptance by the City authorities discloses no cause of action.

Appeal from Civil District Court, Hon. Wm. H. Byrnes, Jr., Judge.

Plaintiff, proceeding by mandamus, seeks to have a paving lien which had been inscribed against his property cancelled. The trial court maintained an exception no cause of action and plaintiff has appealed.

Judgment affirmed.

John R. Upton, attorney for plaintiff and appellant.

Michel Provosty, Miller, Miller & Fletchinger, E. J. Thilberger, attorney for defendant and appellee.

WESTERFIELD, J. Plaintiff proceeding by mandamus seeks to have a paving lien, which has been inscribed against his property, cancelled. He alleges that the City of New Orleans entered into a contract with Craven & Lang and A. P. Boh & Co. for the paving of Magazine Street from Canal to St. Joseph Streets "with creosoted wooden blocks, according to the most approved and accepted method" and "that said contracts and specifications called for paving blocks to be placed upon a hardened pitch paint coat" but that "said Craven & Lang and A. P. Boh & Co. without warrant or authority and contrary to said specifications, substituted a sand and cement cushion for the pitch paint coat as called for in said plans and specifications". That "the substitution of a sand and cement cushion for one of hardened pitch paint constitutes a material or major change" in the contract and financially benefited the contractors and was detrimental to plain-

tiff. He alleges that as the work on the paving progressed he protested to the City Engineer from time to time in writing, without avail. He prays for a mandamus directed to the City of New Orleans and Craven & Lang and A. P. Boh & Co., and Joseph A. Craven and Louis N. Lang and Arthur P. Boh and R. Sidney Hernandez respectively, individually, and as composing the said co-partnerships, paving contractors, and the Recorder of Mortgages for the Parish of Orleans, commanding them and each of them, to cancel and erase the paving claims on the property hereinabove described, and recorded in the Mortgage Office in Book 132, fos. 6 and 7, and the lien and privilege on the property above referred to by which it is pretended that the said paving bills or claims are secured, or to show cause to the contrary on such a day and at such an hour as the Court may appoint.

The defendants each filed exceptions of misjoinder, non-joinder and no cause of action. The trial court maintained the exception of no cause of action and plaintiff has appealed.

The learned judge a quo in his reasons for judgment expressed the opinion that the issues presented here could not be determined in a mandamus proceeding. We are not so sure of the propriety of this view for the jurisprudence is at least doubtful. State ex rel. Newcomb Realty Co., 148 La. 1045; 88 South. 392; State ex rel. Henderson Iron Works vs. Jeter Tax Assessor, 151 La. 1011; 92 South. 594. But we think the exception was properly maintained upon other grounds.

The gravamen of plaintiff's action is the contention that the substitution of a sand and cement cushion for pitch paint base upon which the wooden blocks of the pavement were placed was a mistake and not justified by the best engineering practice, consequently the pavement for which he is

called upon to pay his share is inferior in quality to what it would have been if the original specifications had been strictly adhered to. There is no allegation of fraud or bad faith on the part of the City Engineer or other City official, nor any language which might be said to be equivalent to such allegation eo nomine. There is no charge of incompetency. On the contrary plaintiff's attorney in a brief filed in the District Court says "In justice to both Messrs. Black and Klorer (City Commissioner and Engineer respectively) we do not mean to insinuate that they were improperly influenced or could be". In a word, this is a suit seeking an annullment of a paving lien upon the ground that the city officials representing the City's interest in a paving contract were guilty of an error of judgment in permitting the substitution of certain material used in the pavement. The pavement was completed before the suit was filed. It is so alleged in the petition. The pavement had been accepted by the City for paving liens under the paving law are not inscribed until the work is approved. See Sec. 48, Act 67 of 1916.

In City of Shreveport vs. Chatwin, 139 La. 531; 71 South. 791; a case in many respects similar to the case at bar, the Supreme Court said, in speaking of the taxpayers made defendants by the City of Shreveport in that case:

"They resist the payment upon the ground that the work was not done according to contract, in that many of the wooden blocks which the pavement was made of were not properly creosoted, and were laid at right angles to the curb, instead of diagonally, as required by the specifications.

"This work was accepted by the city authorities. This acceptance is binding upon the property owners in the absence of allegation of fraud or error (Kelly vs. Chadwick, 104 La. 719; 29 South. 295; Moody vs. Sportono, 112 La. 1008, 36 South. 836), and no such allegation is made by defendants.

"The learned counsel for defendants re-

view in their brief the several decisions of this court in which that doctrine has been announced, and say that the announcement was unnecessary for the decision of the cases, and was therefore obiter dictum. But that doctrine is well settled in jurisprudence, and would have to be applied here as good law even if it had not been heretofore declared by this court to be such.

"Again, counsel say that this doctrine is based on estoppel, and estoppel was not pleaded by plaintiff. It did not need to be. Keystone Life Ins. Co. vs. Von Schlemmer, 122 La. 280; 47 South. 606."

We think the Chatwin case is controlling here.

For the reasons assigned, the judgment appealed from is affirmed.