### BOAGNI v. MAYOR AND BOARD OF ALDERMEN OF CITY OF OPELOUSAS.

#### No. 1076.

Court of Appeal of Louisiana. First Circuit.

Jan. 24, 1933.

Dubuisson & Dubuisson, of Opelousas, for appellant.

L. B. Sandoz and L. A. Fontenot, both of Opelousas, for appellee.

ELLIOTT, J.

Edward M. Boagni, owner of 5 lots of ground minutely described in his petition situated in the city of Opelousas, attacks as unconstitutional and null and void, Act No. 136 of 1898, § 34 (amended by Act No. 289 of 1928) and an ordinance of the city of Opelousas based thereon adopted December 21, 1931, and whereby said board of aldermen, acting on their own initiative and in the absence of a protest signed by more than 50 per cent. of the owners of all the property involved, both in number and amount of property valuation, ordered that Grolee street in said city, be graveled to a width of 14 feet between the intersection of said street with Railroad avenue on the east and the corporation line on the west; the entire cost of said improvement, including the cost of intersections and necessary adjuncts, to be borne by the owners of the real estate abutting said street between the points indicated, said amount to be paid for in accordance with the front foot rule provided for in said act and acts amendatory thereof.

He alleges that said act and said ordinance, in so providing, operates as an injustice to him, amounts to a taking of his property without due process of law and the denial to him of the equal protection of the law in violation of the Fourteenth Amendment to the Constitution of the United States and section 2 of article 1 of the Constitution of this state; that said unconstitutionality results from the adoption of said ordinance as a basis for ordering said work—the said statutory provision—in the absence of a protest by "petition signed by more than (50) per cent of the owners of all of the property involved, both in numbers and amount of property valuation" and the further provision in the ordinance based on the further statutory provision requiring said work to be paid for, by the front foot rule. His petition then illustrates how he is injured, etc.

Defendant denies the unconstitutionality and illegality alleged against said act and ordinance, and prays that plaintiff's demand be refused and that the ordinance be enforced.

The lower court sustained the constitutionality of the law and rejected plaintiff's demand. Plaintiff has appealed.

The only question is whether the Act No. 136 of 1898, § 34 (amended by Act No. 289 of 1928), and the ordinance of the city of Ope-

lousas based thereon, are illegal and unconstitutional or not. For the decision of that question the appeal has been brought to the wrong court.

The Constitution of 1921, art. 7, § 10, confers appellate jurisdiction on the Supreme Court, "in all cases wherein the constitutionality or legality of any tax, local improvement assessment * * * levied by the State, or by any parish, * * * municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof."

In this case the constitutionality or legality of a local improvement assessment is in contest, and the appeal goes to the Supreme Court. City of Shreveport v. Prescott et al., 51 La. Ann. 1895, 26 So. 664, 46 L. R. A. 193; Town of Minden v. Glass, 132 La. 927, 61 So. 874; and others to the same effect.

Therefore, in conformity with the provisions of Act No. 19 of 1912, this appeal is now transferred to the Supreme Court, and. to the end that the transfer may be effective, it is ordered that it be returned to the lower court from which it came in order that the appellant may have transcripts made as provided by law and the rules of the Supreme Court; that said appeal be returned to the Supreme Court on the 20th of February, 1933.