### BURKE et al. v. MAYOR AND BOARD OF TRUSTEES, CITY OF NEW IBERIA.

#### No. 1663.

Court of Appeal of Louisiana. First Circuit.

Dec. 10, 1936.

Jas. L. Helm, of New Iberia, for appellants.

Jacob S. Landry, of New Iberia, for appellees.

DORE, Judge.

Plaintiff instituted this suit for an injunction against the governing authorities of the city of New Iberia to restrain and enjoin them from enforcing what plaintiffs allege to be an illegal street paving assessment against their property in the said city, and for a judgment decreeing said assessment illegal, null, and void, and for the cancellation of the mortgage inscription under the ordinance making the assessment in so far as the same affects their property. The suit of plaintiffs was dismissed on the plea of estoppel filed by the city; from which judgment of dismissal the plaintiffs appealed to this court.

The amount of the paving assessment which plaintiffs seek to have annulled and canceled is $969.80. Under article 85 of the Constitution of 1913, the Supreme Court was given appellate jurisdiction in all cases in which the constitutionality or legality of any tax, toll, or impost whatever imposed by a municipal corporation was in contestation. Under this article of the Constitution, it was held that where a local assessment for street improvement was made by compulsion of law, without regard to the assent or dissent of the abutting property owners, and an attack was made on the legality of the local assessment, it presented a case where a "tax" within the meaning of this article of the Constitution was in contestation, and the Supreme Court had jurisdiction of the appeal. See Town of Minden v. Stewart et al., 142 La. 467, 77 So. 118. However, where the local assessment was made under authority of a petition of a majority of the abutting property owners, the local assessment was not a "tax" within the meaning of this article of the Constitution of 1913, and the Supreme Court did not have jurisdiction of an appeal where such local assessment was contested, irrespective of the amount involved. City of Shreveport v. Land, 147 La. 1075, 86 So. 499.

However, all doubts and distinctions as to the appellate jurisdiction of the Supreme Court in all cases of this kind were unmistakably eliminated by the Constitution of 1921, art. 7, § 10, where it is provided that the Supreme Court shall have "appellate jurisdiction in all cases wherein the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the State, or by any parish, municipality," etc., "is contested." The words "local improvement assessment" were evidently inserted in the Constitution of 1921 to eliminate any doubt on this question.

As this court has no jurisdiction of this appeal, the case will be transferred to the Supreme Court in accordance with Act No. 19 of 1912.

It is therefore ordered that this case be transferred to the honorable Supreme Court of the state of Louisiana within thirty days from the date this decree becomes final, and on the failure of the appellants to file said

appeal in the Supreme Court within said time, the appeal to stand dismissed; that appellants pay the costs of the appeal to this court, all other costs to await the final termination of the case.