DOMENGEAUX, Judge.
Plaintiffs, Anthony and Patsy Rougeau, who were husband and wife, sought a money judgment in recognition of a vendor’s lien and special mortgage against the defendant Doyle Moody. The trial court rendered judgment in favor of the plaintiffs and defendant has appealed. For the reasons assigned by the trial court we affirm the judgment. For other reasons, expressed afterwards, we also reject defendant’s contention that he was entitled to a jury trial. We quote the trial court approvingly as follows:
“On December 21, 1977, plaintiffs sold to defendant, by credit sale, certain immovable property located in Acadia Parish, Louisiana, for the sum of THIRTY-FIVE THOUSAND AND NO/100 ($35,-000.00) DOLLARS, SEVEN THOUSAND AND NO/100 ($7,000.00) DOLLARS of which defendant paid to plaintiffs in cash. The credit sale, and the promissory note executed in connection therewith, provided for the TWENTY-EIGHT THOUSAND AND NO/100 ($28,000.00) DOLLARS balance of the purchase price to bear interest at the rate of eight (8%) per cent per annum from date, payable in one hundred eighty (180) monthly installments of TWO HUNDRED SIXTY SEVEN AND 59/100 ($267.59) DOLLARS, with the first payment due on March 1, 1978. The instruments provided that the failure to pay any installment when due shall ipso facto and at once mature all remaining unpaid installments and the note at the option of the holder. By the terms of the credit sale, defendant mortgaged the property therein conveyed in order to secure the debt. The credit sale also recognized plaintiff’s vendor’s privilege on the property described therein. In the event of default, the credit sale and the promissory note also provided for the payment of attorney’s fees in the amount of twenty-five (25%) per cent of the amount due. The credit sale was recorded in the mortgage records of Acadia Parish on December 21, 1977.
On the same day, the parties entered into an agreement whereby defendant granted to plaintiffs the right to the continued possession of the property for a period of ninety (90) days, at which time plaintiffs would be required to vacate the premises.
Defendant failed to pay the first installment due on March 1, 1978. As a result, on March 15,1978, through counsel by certified letter to defendant, plaintiffs elected to call the entire balance of the note due, together with interest and attorney’s fees.
Plaintiffs did not subsequently vacate the premises on March 21, 1979, as per the agreement between the parties; it appears that plaintiffs vacated approximately one and one half (1%) weeks after the designated date.
Defendant answered plaintiffs’ petition, generally denying the allegations contained therein. By affirmative defense, defendant further alleged that the parties had entered into a rental agreement regarding the property in question, whereby the sum of TWO HUNDRED SIXTY SEVEN AND 59/100 ($267.59) *989 DOLLARS (the monthly amount due by defendant under the promissory note) was to be paid monthly by plaintiffs to defendant beginning March 1, 1978, and on the same day of each succeeding month. Because plaintiffs did not make the payment to defendant on March 1, 1978, defendant alleged that the two payments (the monthly installment and the rental) were offsetting and that defendant was therefore not in default in payment on the promissory note.
Alternatively, and by way of further defense, defendant alleged that there has been no actual delivery of the property to him (because of plaintiffs’ failure to timely vacate the premises) and that there has therefore been a failure of consideration.
Defendant has also filed a reconven-tional demand wherein he seeks cancellation of the sale and the return of the cash price previously paid, because of plaintiffs’ failure to timely vacate and deliver the premises. He also seeks an award of expenses and damages occasioned in connection therewith.
After reviewing the evidence as a whole this Court finds that there was in fact no rental agreement between the parties. Accordingly, defendant’s failure to pay the March 1, 1978 installment to plaintiffs placed him in default under the terms of the promissory note.
Defendant’s contention that there has been a failure of consideration because there has been no actual delivery of the property to him is without merit. By the very terms of the agreement between the parties, plaintiffs were not obliged to deliver corporeal possession of the property to defendant until March 21, 1978. At that time, defendant had defaulted in his obligation to timely pay the first installment on the note. Because defendant was in default as to his obligation, he could not thereafter place plaintiffs in default for their failure to timely vacate the premises in order to invoke the remedy of cancellation of the sale, which would otherwise have been available to him.
Because the sale will not be cancelled, however, plaintiffs should not be unjustly enriched to the extent of the value of their occupancy of the premises beyond the term granted to them by defendant. Plaintiffs remained on the premises for approximately ten (10) days after the March 21, 1978 deadline. This Court will assess the reasonable monthly rental value of the premises as TWO HUNDRED SIXTY SEVEN AND 59/100 ($267.59) DOLLARS. Accordingly, the value of plaintiffs’ ten (10) day use of the premises is valued at $89.20 (10/3o X $267.59), for which defendant will be entitled to compensation.
For the reasons hereinabove stated, let there be judgment in favor of plaintiffs Anthony R. Rougeau and Patsy Annette Smith Rougeau and against defendant Doyle Moody in the full sum of TWENTY EIGHT THOUSAND AND NO/100 ($28,000.00) DOLLARS together with interest at the rate of eight (8%) per cent per annum from December 21,1977, until paid, and for attorney’s fees in the amount of twenty-five (25%) per cent of the aggregate amount of principal and interest due. Let there be further judgment in favor of plaintiffs Anthony R. Rougeau and Patsy Annette Smith Roug-eau and against defendant Doyle Moody recognizing plaintiffs’ special mortgage and vendor’s lien on the immovable property involved herein.
Let there also be judgment in favor of plaintiff in reconvention, Doyle Moody, and against defendants in reconvention, Anthony R. Rougeau and Patsy Annette Smith Rougeau in the full sum of EIGHTY NINE AND 20/100 ($89.20) DOLLARS together with legal interest from date of judicial demand until paid.
Costs to be paid by defendant.”
Defendant argues that the trial court erred in denying his request for a trial by jury. We do not agree.
La.C.C.P. Article 1733 specifically states:
“A trial by jury shall not be available in:
[[Image here]]
*990 (2) A suit on an unconditional obligation to pay a specific sum of money, unless the defense thereto is forgery, fraud, want or failure of consideration; ...”
By the terms of the note, defendant was unconditionally obligated to pay a specific sum of money. Defendant argues that he has pled failure of consideration due to lack of delivery as one of his defenses. The trial court rightly concluded that lack of delivery was unavailable as a defense. La.C.C. Article 2479 provides:
“The law considers the tradition or delivery of immovables, as always accompanying the public act, which transfers the property. Every obstacle which the seller afterwards interposes to prevent the taking of corporal possession by the buyer, is considered as a trespass.”
In this instance, defendant acknowledged delivery in the Act of Sale, and in a separate instrument executed the same date, he agreed to allow the plaintiffs to remain on the premises through March 21, 1978. In the face of this acknowledgment and subsequent agreement, defendant was without right to assert that the plaintiffs did not deliver the property to him. He further alleged that their failure to vacate by March 21, 1978, constituted a failure of delivery. However, the trial court observed that the defendant defaulted before plaintiffs were required to vacate, so this defense is also without merit.
Plaintiff’s occupancy of the premises past March 21, 1978 without defendant’s consent is considered a trespass under La. C.C. Article 2479. We cannot say the trial court erred by granting to defendant judgment equal to the only established value of the plaintiffs’ unauthorized occupancy of defendant’s property. The court’s equitable decision in awarding defendant $89.20 prevented the plaintiffs from being unjustly enriched at defendant’s expense. In the total absence of any other evidence establishing that a higher value was more reasonable, we will not disturb the equitable award. See La.C.C. Article 1965.
For the above and foregoing reasons the judgment of the district court is affirmed. All costs are assessed against the defendant, Doyle Moody.

AFFIRMED.