WICKER, Judge.
The third party plaintiff, B & J Quality Interiors, Inc. (B & J), appeals a summary judgment granted in favor of the third party defendant, Peter Braswell. The rights and obligations among the vendor, the vendor’s alleged lessee, and the vendee of immovable property were the issues before the trial court. We affirm.
The immovable property, located in Hara-han, Louisiana, was originally owned by Joseph B. Amberg and leased[1] to B & J. The property, which included a warehouse, was for sale; and Amberg had notified B & J several times that it would have to vacate the warehouse when there was a sale.
The original plaintiff, Elmo Sonnier, brought his boat and trailer to the warehouse for installation of carpet by B & J. During the time the boat and trailer were in the warehouse, Amberg sold the property to Braswell. Braswell notified B & J that the premises had to be vacated so that he could begin renovations; and B & J’s officer, Robert C. McMyne, agreed to move the boat and trailer by a certain date. The *1070 date passed with no action on the part of B & J, so Braswell moved the boat and trailer to the driveway. The boat and trailer were stolen.
Sonnier sued B & J for his loss, and B & J joined Braswell as third party defendant. B & J alleged liability on Braswell’s part based on his purchase of the property and his “illegal” move of the boat and trailer.
Braswell moved for a summary judgment, attaching an affidavit, excerpts of depositions, the lease and sale agreements on the immovable property, and the police report. B & J filed no affidavits, choosing instead to rely on the law regarding leases and eviction. The trial judge granted the summary judgment without assigning reasons.
There was no contractual relationship between Braswell and either Sonnier or B & J. The cases and the statute, L.S.A.-C.C.P. art. 4701, cited by B & J deal with the obligations of a lessor; and Bras-well was never a lessor. Therefore, the law regarding the obligations of a lessor to his lessee is not applicable. Mere occupancy of Braswell’s premises by B & J or by Sonnier does not create a lessor-lessee relationship. Webb v. Young, 338 So.2d 767 (La.App. 4th Cir.1976), writ den. 341 So.2d 419 (La.1977).
The lease in question is unrecorded and could not affect the rights of third parties such as Braswell with regard to their own property. L.S.A.-C.C. arts. 2264, 2266;[2] Phillips v. Parker, 483 So.2d 972 (La.1986). Even if Braswell had known of the lease, its stipulations would not be binding on him. Musso v. Aiavolasiti, 439 So.2d 1184 (La.App. 4th Cir.1983). Bras-well was entitled, as owner of the immovable property, to the “direct, immediate, and exclusive authority” over it and could “use, enjoy, and dispose of it within the limits and under the conditions established by law.” L.S.A.-C.C. art. 477. As in the case of Julius Gindi & Sons v. E.J.W. Enterprises, 438 So.2d 594, 596 (La.App. 4th Cir.1983), Braswell “was a third party that did not contractually accept the lease, and therefore, is not bound by it.” B & J’s continued occupancy of Braswell’s property, beyond that date stipulated for the removal of Sonnier’s boat and trailer and without Braswell’s consent, is nothing more than a trespass. Rougeau v. Moody, 396 So.2d 987 (La.App. 3rd Cir.1981).
A summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” L.S.A.-C.C.P. art. 966; Howard Trucking Co., Inc. v. Stassi, 474 So.2d 955 (La.App. 5th Cir. 1985), aff’d, 485 So.2d 915 (La.1986), cert. den. — U.S.—, 107 S.Ct. 432, 93 L.Ed. 2d 382 (1986).
We hold, therefore, that the evidence introduced by Braswell in support of his motion for summary judgment shows that there is no genuine issue of material fact which would impose liability on him under these factual circumstances. B & J is to pay the costs of this appeal.
AFFIRMED.

. The written lease was not recorded; and it stipulated, “Lessee also expressly waives any notice to vacate at the expiration or termination of this lease...." When the lease expired, B & J remained on a month-to-month basis.

. Now L.S.A.-C.C. art. 1839; R.S. 9:2754 and 2756.